# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MIKE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 4:19-cv-686 |
| | ) | |
| RENNY PALUMBO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION

DATED: September 5, 2019

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar # 52660
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com

**ATTORNEY FOR DEFENDANTS**

<u>**Table of Contents**</u>

Table of Authorities ....................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT AND CITATION OF AUTHORITY ......................................................... 2

**I.    PLAINTIFF'S FIRST AMENDED PETITION IS AN IMPERMISSIBLE *SHOTGUN PLEADING* AND SHOULD BE DISMISSED ON THAT BASIS ALONE.** ........................ 3

**II.   PLAINTIFF'S FIRST AMENDED PETITION ALSO FAILS TO STATE A VALID CLAIM FOR EACH OF THE COUNTS ALLEGED.** .......................................................... 5

   **A.   This Court Should Dismiss Count II Because Plaintiff Fails to Plead Facts Establishing Publication or the Exact Statement Made, and Therefore, Fails to State a Claim for Defamation.** 5

     **1.**   Plaintiff Has Not Plead that the Alleged Defamatory Statement Was Published. ....................... 6

     **2.**   Plaintiff Has Not Plead The Exact Alleged Defamatory Words. ................................................ 7

   **B.   This Court Should Dismiss Count III Because Plaintiff Did Not Plead Facts Showing Non-Compliance by Defendants.** .......................................................................................................... 8

   **C.   This Court Should Dismiss Counts IV Through VII Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under Chapter 44 of the Kansas Statutes.** ........................... 9

     **1.**   Section 44-314 Does Not Require Payment Of Wages Every 15 Days And Is Inapplicable To Commission Payments. ............................................................................................................. 10

     **2.**   Section 44-315 Does Not Apply To Plaintiff's Commission Or Bonus Payments. .................... 11

     **3.**   The Severance Agreement In Question Is Not A Violation Of Section 44-316. ........................ 11

     **4.**   Allegations Under § 44-319 Should Be Dismissed Because Plaintiff Does Not Allege Facts To Support A Violation Of § 44-319. .............................................................................................. 13

     **5.**   Section 44-324 Does Not Provide A Private Cause Of Action. ................................................ 13

     **6.**   Plaintiff Does Not Plead Specific Facts Showing Violation Of § 44-342. ............................... 14

     **7.**   Plaintiff Does Not Seek Payment Of Undisputed Commissions Under § 44-343. .................... 15

     **8.**   Plaintiff Has Not Pled A Claim Under § 44-347 Because It Does Not Provide A Right Of Action. ....................................................................................................................................... 15

     **9.**   Plaintiff Has Not Alleged Any Criminal Proceedings Required For Violation Of §§ 44-117 To 44-119. ...................................................................................................................................... 16

   **D.   Plaintiff's Claims in Counts IV Through VII Are Barred by the Statute of Limitations.** ..... 17

   **E.   This Court Should Dismiss Count VIII Because Plaintiff Does Not Allege that He Was Not Paid the Minimum Wage.** ............................................................................................................. 17

   **F.   Count IX Should Be Dismissed With Prejudice Because Plaintiff Has Not Complied With The Statutory Requirements and The Statute of Limitations Has Run.** ......................................... 18

   **G.   Count X Should Be Dismissed With Prejudice Because Plaintiff Has Not Pled a *Prima Facie* Case of Outrage.** ......................................................................................................................... 19

CONCLUSION ............................................................................................................. 20

i

# Table of Authorities

**Cases**

*A.O. Smith Corp. v. Kan. Dep't of Hum. Res.*, 36 Kan. App. 2d 530 ......................................... 12

*Anderson v. United Teleph. Co. of Kansas*, 933 F.2d 1500.......................................................... 17

*Ashcroft v. Iqbal*, 556 U.S. 662............................................................................................... 2, 5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544.................................................................................. 2, 5

*Blake v. May Department Stores Company*, 882 S.W. 2d 688 ........................................................ 7

*Carey v. Pulitzer Publ'g Co.*, 859 S.W. 2d 851 .......................................................................... 8

*Colboch v. Morris Communs. Co., LLC*, No. 05-4143-SAC 2007 U.S. Dist. LEXIS 7621 ......... 16

*Endecott v. Commercial Floorworks, Inc.*, No. 16-2190-JWB, 2018 U.S. Dist. LEXIS 176333  17

*Gurman v. Metro Housing and Redevelopment Auth.,* 842 F. Supp. 2d 1151............................... 4

*Hawkins v.* MCI, No. 04-1328-JTM, 2005 U.S. Dist. LEXIS 45169 .......................................... 17

*Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W. 2d 341 ............................................................ 6, 7

*Henderson v. Cypress Media, Inc.*, No. 12-0803-CV-W-ODS, 2012 U.S. Dist. LEXIS 116331 ....
................................................................................................................................................ 18, 19

*Jones v. Galaxy 1 Mktg.*, 478 S.W. 3d 556 ................................................................................ 19

*LaBrier v. Anheuser Ford, Inc.*, 612 S.W.2d 790 ...................................................................... 19

*Lovelace v. Long John Silver's, Inc.*, 841 S.W. 2d 682 ................................................................ 7

*Michaelson v. Equitable Life Assur. Soc.*, No. 89-2269-O, 1990 U.S. Dist. LEXIS 17878 ......... 17

*Michaeux v. Amalgamated Meatcutters & Butcher Workmen*, 231 Kan. 791 ............................. 14

*Missouri Church of Scientology v. Adams*, 543 S.W. 2d 776 ....................................................... 8

*Monterosso v. St. Louis Globe-Democrat Publ'g Co.*, 368 S.W. 2d 481 ................................... 19

*Nigro v. St. Joseph Med. Ctr.*, 371 S.W. 3d 808 ......................................................................... 6

*Overcast v. Billings Mut. Ins. Co.*, 11 S.W. 3d 62 ...................................................................... 6

*Shelley v. State*, 27 Kan. App. 2d 715 ...................................................................................... 14

*Shurn v. Monteleone*, 769 S.W. 2d 188 ...................................................................................... 8

*Smith v. Kan. Orthopaedic Ctr., P.A.*, 49 Kan. App. 2d 812 ...................................................... 11

*State ex rel. Diehl v. Kintz*, 162 S.W. 3d 152 .............................................................................. 8

*Strategic Income Fund, LLC v. Spear, Leeks & Kellog Corp.,* 305 F.3d 1293 ............................ 4

*Temple v. Roberts*, No. CIV. 15-5062-JLV**,** 2018 U.S. Dist. Lexis 147587................................. 3

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 ............................................................................. 3

*W.C.H. of Waverly, Mo., Inc. v. Meredith Corp.*, No. 85-1400-CV-W-1, 1986 U.S. Dist. LEXIS
  18125........................................................................................................................................ 19

*Washington v. Thomas*, 778 S.W. 2d 792 ................................................................................... 6

*Weber v. Tillman*, 913 P.2d 84................................................................................................... 12

*Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313 ..................................................... 5

*Wilstein v. San Tropai Condo. Master Ass'n,* No. 98 C 6211, 1999 WL 51805 ........................... 3

*Young v. Wells Fargo & Co.,* 671 F. Supp. 2d 1006 ..................................................................... 4

*Zink v. Lombardi*, 783 F.3d 1089............................................................................................... 5

**Statutes**

K.S.A. § 44-117 .......................................................................................................................... 16

K.S.A. § 44-118 .......................................................................................................................... 17

K.S.A. § 44-119 ...................................................................................................................... 16, 17

K.S.A. § 44-314 ............................................................................................................. 10

K.S.A. § 44-315 ............................................................................................................. 11

K.S.A. § 44-316 ......................................................................................................... 11, 12

K.S.A. § 44-319 ............................................................................................................. 13

K.S.A. § 44-321 ............................................................................................................. 12

K.S.A. § 44-324 ............................................................................................................. 14

K.S.A. § 44-342 ............................................................................................................. 14

K.S.A. § 44-343 ............................................................................................................. 15

K.S.A. § 44-347 ......................................................................................................... 15, 16

K.S.A. § 60-512 ......................................................................................................... 11, 17

Mo. Rev. Stat. § 290.110 .......................................................................................... 18, 19

Mo. Rev. Stat. § 290.140 ............................................................................................... 9

Mo. Rev. Stat. § 290.500, *et seq.* .............................................................................. 18

Mo. Rev. Stat. § 290.527 .............................................................................................. 17

Defendants, CardConnect, LLC, CardConnect Corporation, First Data Corporation, Fiserv, Inc. and Renny Palumbo (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), move to dismiss Plaintiff's First Amended Petition, and, in support, state the following:

<u>**PRELIMINARY STATEMENT**</u>

On October 30, 2018, Plaintiff Mike Davis served all Defendants, except Defendant Fiserv, Inc., with a 32 page, 155-plus paragraph Petition ("Initial Petition") purportedly comprised of a mere 6 counts titled as follows: (1) Equitable Disgorgement in Unjust Enrichment; (2) Defamation; (3) Missouri Service Letter Statute; (4) Kansas Statutory Employee Protection Act K.S.A. Chapter 44; (5) Missouri Statutory Action for Underpayment of Wages; and (6) Statutory Action Pursuant to R.S. Mo. 290.110. Plaintiff filed this Initial Petition in the Circuit Court of Jackson County, Missouri.

Defendants spent many painstaking hours deciphering Plaintiff's Initial Petition, which at one point, incorporates alleged violations of no fewer than 15 distinct statutory provisions into one count, *see* Count IV of Plaintiff's Initial Petition (pages 14-27). Despite the scattershot nature of Plaintiff's Initial Petition, however, Defendants made a good faith attempt to interpret the Petition and upon completing their review, believed that in addition to the flawed structure of Plaintiff's Initial Petition justifying dismissal of the entire Petition, Plaintiff failed to state claims upon which relief could be granted in Counts II-VI, also justifying the court's dismissal of the Initial Petition. Defendants filed a Motion to Dismiss the Initial Petition in Jackson County Circuit Court on January 14, 2019.

In numerous filings with the State Court, Plaintiff conceded that his Initial Petition should be amended to address the arguments raised by Defendants, and Plaintiff sought numerous

1

extensions of time from the Court to file his amended pleading.

Finally, after taking over six months to do so, Plaintiff filed his First Amended Petition on July 30, 2019, which for the first time, added Defendant, Fiserv, Inc. ("Fiserv") as a new corporate defendant and new party to this action. In addition to adding Fiserv, Plaintiff's First Amended Petition also added a substantial number of new allegations against the corporate Defendants, as well as additional causes of action, and now consisted of 68 pages, 329[1] paragraphs, and 10 counts. Plaintiff, however, did not cure all of the issues raised by Defendants in their January 14, 2019 Motion to Dismiss. Rather, Plaintiff's First Amended Petition merely exacerbated many of the problems raised by Defendants and also created wholly new ones. Indeed, probably the most glaring problem with Plaintiff's Amended Petition is that it is a classic "shotgun pleading" that must be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## ARGUMENT AND CITATION OF AUTHORITY

In order to survive a motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Although the last numbered paragraph in Plaintiff's First Amended Petition is numbered 307, the First Amended Petition contains several numbering errors which make it difficult to follow and which result in more than 307 actually-pled paragraphs. On page 32 of the First Amended Petition, for example, there is a second set of paragraphs numbered 141 – 143, followed by a third set of paragraphs numbered 141-143 on page 33. On page 52, the First Amended Petition jumps from paragraph 244 to paragraph 255. On page 53, the First Amended Petition starts over at a numbered paragraph 227 after paragraph 256. Then, on page 56 it jumps from paragraph 233 to paragraph 244. On page 63, the First Amended Petition jumps from paragraph 284 to paragraph 289. On page 65, it starts over at a numbered paragraph 287 after paragraph 296. Thus, in many instances, the First Amended Petition contains more than one paragraph with the same number and some numbers are missing from the natural sequential order altogether.

2

# I. **PLAINTIFF'S FIRST AMENDED PETITION IS AN IMPERMISSIBLE *SHOTGUN PLEADING* AND SHOULD BE DISMISSED ON THAT BASIS ALONE**.

Federal Rule of Civil Procedure 8(a)(2), requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" From the face of the First Amended Petition in this case, it is unclear which allegations in the First Amended Petition support the claims asserted and against which Defendants the claims are asserted. These failures alone warrant dismissal. *Wilstein v. San Tropai Condo. Master Ass'n,* No. 98 C 6211, 1999 WL 51805, at *5 (N.D. Ill. Jan. 30, 1999) (stating that "[the] complaint, as presently drafted, is too vague, ambiguous and imprecise to allow any defendant to formulate an answer or other responsive pleading. . . . In general, Wilstein fails to identify which defendant or defendants each count is brought against and, in those instances in which Wilstein does identify individual defendants, he fails to identify in what capacity each count is brought against him.").

Plaintiff's First Amended Petition is a classic *shotgun pleading* which violates the requirements of Rule 8 of the Federal Rules of Civil Procedure:

> "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by failing to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)) (internal alteration, citation and some quotation marks omitted). They are a problem because "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Id. at 1295 (internal quotation marks and alterations omitted).

*Temple v. Roberts*, No. CIV. 15-5062-JLV**,** 2018 U.S. Dist. Lexis 147587, at *13, *14 (D. S.D. Aug. 29, 2018).

Courts in the Eighth Circuit have "repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints — complaints in which plaintiff brings every conceivable claim against

3

every conceivable defendant." *Gurman v. Metro Housing and Redevelopment Auth.,* 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). A shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeks & Kellog Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). Such "pernicious" complaints "shift[] onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman,* 842 F. Supp. 2d at 1153; *see also Young v. Wells Fargo & Co.,* 671 F. Supp. 2d 1006, 1016 (S.D. Iowa 2009) (stating that "[s]uch 'shotgun pleading' obscures Plaintiffs' material allegations, severely hindering [Defendant's] ability to form a reasonable response"). Shotgun pleadings violate Rule 8's requirement to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Gurman,* 842 F. Supp. 2d at 1154 (citing Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff's 68-page First Amended Petition contains 41 pages (184 paragraphs) of prefatory allegations which follow a classic shotgun approach by: 1) referencing at least three class action lawsuits for which Plaintiff is not a purported class member and for which the First Amended Petition fails to connect to Plaintiff in any way; 2) containing numerous other factual assertions that are not tied directly to Plaintiff; 3) incorporating each and every one of these allegations into each and every count; and 4) failing to specify which Defendants are included within each Count.

Although Defendants *believe* that Plaintiff is basically seeking damages for an unspecified defamation and purported unpaid wages and unpaid commissions – allegations which could easily have been pled in a much shorter complaint - Defendants should not have to sift through 68-pages

and make educated guesses regarding the crux of Plaintiff's claims and the factual bases purportedly supporting those claims. Indeed, Plaintiff violates the most basic and fundamental tenets of proper pleading by incorporating all of the prior allegations into each count and by failing to allege which Defendant is purportedly liable for each of the 10 separate causes of action alleged. For these reasons alone, Plaintiff's First Amended Complaint should be dismissed. *See Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1320–23 (11th Cir. 2015).

II.     **PLAINTIFF'S FIRST AMENDED PETITION ALSO FAILS TO STATE A VALID CLAIM FOR EACH OF THE COUNTS ALLEGED**.

Although the *shotgun* style of pleading utilized by Plaintiff warrants dismissal of the entire First Amended Petition, several of the individual counts in Plaintiff's complaint also suffer from a failure to properly state the claim that Plaintiff is purporting to allege. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).

Here, many of the claims alleged by Plaintiff, in addition to being somewhat unintelligible, fail to provide sufficient allegations to survive dismissal. Moreover, some of the claims, when taken as true, demonstrate that Plaintiff's claims fail to survive the applicable statutes of limitations and must be dismissed on those grounds.

    A.     **This Court Should Dismiss Count II Because Plaintiff Fails to Plead Facts Establishing Publication or the Exact Statement Made, and Therefore, Fails to State a Claim for Defamation.**

In Count II, Plaintiff claims that Defendant Palumbo defamed Plaintiff by telling another employee that Plaintiff was stealing clients from Defendants. (First Amend. Pet. ¶¶ 209, 210). To state a claim for defamation under Missouri law, Plaintiff must plead the following: (1) publication

to a third party; (2) of a defamatory statement; (3) that identifies the plaintiff; (4) that is false; (5) that is published with the requisite degree of fault; and (6) damages the plaintiff's reputation. *Nigro v. St. Joseph Med. Ctr.*, 371 S.W. 3d 808, 818 (Mo. App. 2012) (*citing Overcast v. Billings Mut. Ins. Co.*, 11 S.W. 3d 62, 70 (Mo. 2000)). Plaintiff's claim of defamation cannot withstand scrutiny under Missouri law.

1.  Plaintiff Has Not Plead that the Alleged Defamatory Statement Was Published.

Plaintiff has not pled facts sufficient in Count II to establish "publication," an essential element of a defamation claim. Rather, Plaintiff bases his defamation claim on, at best, an intra-corporate communication and, at worst, a communication to himself.[2] Missouri, however, has long recognized the intra-corporate immunity rule in defamation torts. In this regard, under well-established Missouri law, such a communication does not constitute "publication."

The intra-corporate immunity rule rests on the premise that a corporation can only communicate through its employees and, therefore, communications between employees of the same corporation in the regular course of business (including personnel matters) are not publications to third persons as required to prove a defamation tort. *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W. 2d 341, 344 (Mo. 1963); *Washington v. Thomas*, 778 S.W. 2d 792, 796 (Mo. App. 1989) (holding that the defendant's letter containing a statement that the plaintiff threatened another person with bodily harm with a loaded weapon was not published by placing it in the personnel file to which multiple non-essential employees had access). The policy rationale behind this rule is simple: businesses have a need to communicate "concerning the performances and conduct of employees in the due and regular course of the corporate business," because a

---

[2] Plaintiff alleges that an unnamed employee contacted Plaintiff alleging that he was "stealing accounts from CardConnect, according to Renny Palumbo . . . ." (First Amend. Pet. ¶ 210). Plaintiff states that "the first known publication in Missouri was to Plaintiff." (First Amend. Pet. ¶ 213)

6

"corporation has an interest to see that business runs efficiently."  *Lovelace v. Long John Silver's, Inc.*, 841 S.W. 2d 682, 685 (Mo. App. 1992).

In *Hellesen*, the court held that a document written and placed in a company file was not "published," although presumably read by secretaries, file clerks, and other corporate personnel. *Hellesen*, 370 S.W. 2d at 344.  Expanding on *Hellesen*, in *Lovelace*, the Missouri Court of Appeals held that employee statements made to management concerning the plaintiff fell within the intra-corporate immunity rule and such communications did not meet the publication requirement for defamation.  *Lovelace*, 841 S.W. 2d at 684.  In *Blake v. May Department Stores Company*, the Missouri Court of Appeals also held that the supervisor's communications to the company's Human Resources Vice President regarding a complaint involving the employee were not "published" because they fell within the scope of the intra-corporate immunity rule for defamation. *Blake v. May Department Stores Company*, 882 S.W. 2d 688, 6901 (Mo. App. 1994).

Plaintiff has not pled that the alleged statement(s) were "published" to any third party outside of the corporate structure.  Rather, Plaintiff alleges that an employee of CardConnect heard from Renny Palumbo, a sales manager for CardConnect, that Plaintiff was stealing accounts from CardConnect.[3]  Following *Blake*, *Lovelace*, and *Hellesen*, it is clear that the alleged statement was not "published" because it falls within the intra-corporate immunity rule and that under no set of facts can such a statement constitute defamation.  Accordingly, Plaintiff fails to state a claim for defamation against Defendants and this Court should dismiss Count II with prejudice.

2.  <u>Plaintiff Has Not Plead The Exact Alleged Defamatory Words.</u>

It is well settled that a plaintiff attempting to assert a claim for defamation must set forth

---

[3]  In paragraph 215 of the First Amended Petition, Plaintiff alleges that Defendant Palumbo contacted third party, Basys "to inquire about his suspicions," but Plaintiff does not allege that Palumbo or any other Defendant made any specified defamatory statements to third party, Basys.

7

in his initial pleading the actual words considered to be defamatory. *Carey v. Pulitzer Publ'g Co.*, 859 S.W. 2d 851, 854 (Mo. App. 1993) (holding that plaintiff properly faced dismissal of his petition because it "failed to present the allegedly libelous words with particularity which he claims defamed him" where the petition merely summarized statements such as plaintiff "attacked Senator Bond on labor at the political forum"); *Shurn v. Monteleone*, 769 S.W. 2d 188, 191 (Mo. App. 1989) (same). The rationale behind this rule is that the Court can determine, up front, whether the words are potentially actionable as to Plaintiff. *See Missouri Church of Scientology v. Adams*, 543 S.W. 2d 776, 777 (Mo. 1976) (holding that allegations of the plaintiff's interpretation of news articles attached as exhibits were insufficient). Summaries or paraphrases of the allegedly defamatory statements are insufficient. *Carey*, 859 S.W. 2d at 854. If a petition does not specifically allege those statements claimed to be defamatory, the court should dismiss the claim for failure to state a claim on which relief may be granted. *Id.*; *State ex rel. Diehl v. Kintz*, 162 S.W. 3d 152, 158 (Mo. App. 2005) (finding dismissal of a defamation claim appropriate because Missouri requires fact-specific pleading and the petition was unclear as to the alleged defamatory statements).

Plaintiff's First Amended Petition alleges in general terms that an unnamed employee "confronted" Plaintiff about stealing accounts from CardConnect. (First Amend. Pet. ¶ 210). Rather than stating the words actually spoken, however, this allegation paraphrases what was allegedly said. Plaintiff's allegations in this regard are inadequate to properly state a claim for Defamation and Count II should be dismissed.

**B.**    **This Court Should Dismiss Count III Because Plaintiff Did Not Plead Facts Showing Non-Compliance by Defendants.**

In Count III, Plaintiff alleges that Defendants violated Missouri Revised Statutes section 290.140 causing Plaintiff distress. Under § 290.140, within 45 days of receiving a written request

8

from a former employee (by certified mail and specifically referencing the statute), an employer must provide a discharged employee with a letter "setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof truly stating for what cause, if any, such employee was discharged or voluntarily quit such service." Mo. Rev. Stat. § 290.140. Plaintiff alleges that he timely requested a letter from CardConnect pursuant to § 290.140 and, though the statute provides an employer 45 days to respond, gave CardConnect 30 days to respond. (First Amend. Pet. ¶ 224).

Regardless, as Plaintiff points out, CardConnect did respond. (First Amend. Pet. ¶ 226). Plaintiff alleges that CardConnect's response was not "compliant" with the statute. (First Amend. Pet. ¶¶ 225, 226). Significantly, however, Plaintiff fails to state (1) in what regard CardConnect's response did not comply with the statute or (2) in what manner CardConnect's letter caused Plaintiff distress. Plaintiff's bare bones assertion that CardConnect's letter was noncompliant and caused Plaintiff distress is not enough to meet the pleading requirements of Rule 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Therefore, this Court should dismiss Count III.

**C.** **This Court Should Dismiss Counts IV Through VII Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under Chapter 44 of the Kansas Statutes.**

Chapter 44 of the Kansas Statutes contains 17 different Articles, all with multiple subsections. In Counts IV through VII of Plaintiff's First Amended Petition, Plaintiff references no fewer than 12 of Chapter 44's distinct statutory provisions claiming that Defendants have violated each of those statutes and that Plaintiff is entitled to various types of damages pursuant to the variety of referenced sections. At a minimum, each theory of recovery should be its own separate count, and the Court should dismiss Counts IV through VII on this basis alone. The Court should additionally dismiss Counts IV through VII, because Plaintiff fails to allege facts to support

9

the multitude of Chapter 44 violations referenced. Plaintiff has failed to properly plead essential elements of his variety of claims under each of the 12 statutes he cites in Counts IV through VII of the Petition. Indeed, some statutes to which Plaintiff cites are wholly inapplicable and do not even provide a private cause of action.

1. Section 44-314 Does Not Require Payment Of Wages Every 15 Days And Is Inapplicable To Commission Payments.

Kansas Statute Annotated section 44-314 (cited in counts IV and V of the First Amended Petition) states that wages must be paid at least once a month and no less than 15 days after the close of a wage period. K.S.A. § 44-314. Plaintiff incorrectly asserts in his Petition that this statute provides that wages must be paid in 15-day intervals and, because of the way Defendants collect from their customers, Defendants did not pay Plaintiff in fifteen-day intervals. (First Amend. Pet. ¶¶ 230, 231, page 54).[4] Plaintiff not only misstates the statute, but also fails to distinguish between wages and commissions. First, § 44-314 clearly does not require what Plaintiff alleges. In this regard, the statute does not require employers to pay employees every 15 days, rather it only requires employers to pay once per month within 15 days of the close of the previous pay period. K.S.A. § 44-314. Second, Plaintiff alleges he is owed commission payments, but § 44-314 does not address commission pay. (*See* First Amend. Pet. ¶¶ 230 – 233, pages 54-55, referencing only commission payments). As such, Plaintiff has failed to allege a violation of § 44-314, and this Court should dismiss Counts IV and V (and specifically Plaintiff's claim for damages under § 44-314).

---

[4] Defendants provide the page number for paragraph 230 here because Plaintiff's First Amended Petition contains two sets of allegations numbered paragraphs 227 through 256. After paragraph 256 on page 53, the next numbered paragraph in the First Amended Petition is paragraph 227.

**2.** Section 44-315 Does Not Apply To Plaintiff's Commission Or Bonus Payments.

Kansas Statute Annotated § 44-315 (commingled in Count IV of the First Amended Petition with above-discussed § 44-314) states that an employer shall pay a terminated employee earned wages no later than the next regular payday after termination. *See* K.S.A. § 44-315. Plaintiff alleges that Defendants violated § 44-315 by refusing to pay him his "portfolio commissions" from June 2016 through the present and by refusing to pay any salary or quarterly bonus since May 2017.[5] (First Amend. Pet. ¶¶ 240 - 244, pp. 51-52). First, Plaintiff's allegation that CardConnect reduced his monthly salary from $10,000 to $5,000 and "willfully refused to pay the $10,000 monthly salary," (*Id.*), is not a violation of § 44-315. An employer has the right to change an at-will employee's salary at any time for any reason or no reason at all. Therefore, a unilateral change in salary is not a violation of § 44-315. *See Smith v. Kan. Orthopaedic Ctr., P.A.*, 49 Kan. App. 2d 812, 816 (Kan. Ct. App. 2013) (stating that "an employer can make prospective changes to compensation or commissions."). Second, Plaintiff alleges that he did not release CardConnect from paying him commissions. (First Amend. Pet. ¶ 239, page 51). Section 44-315 applies to wages only, however, not commissions (which are distinct from wages under Chapter 44). So § 44-315 is not applicable to Plaintiff's allegations regarding unpaid commissions. Accordingly, this Court should dismiss Plaintiff's claims under § 44-315.

**3.** The Severance Agreement In Question Is Not A Violation Of Section 44-316.

Kansas Statutes Annotated § 44-316 (cited in Count V of the First Amended Petition) provides that when there is a dispute between an employee and an employer regarding the amount

---

[5] Notably, Plaintiff also alleges Defendants violated this particular statutory section by failing to pay him in 2014, but as discussed below in Section B, "[a]n action upon a liability created by a statute other than a penalty or forfeiture" is subject to a three year statute of limitations. K.S.A. § 60-512. As such, any claims stemming back to 2014 are time barred.

11

of wages due, the employer must pay (without conditions) all wages the employer believes, in good faith, to be due leaving the employee with remedies to collect the disputed balance under different sections of Chapter 44. Plaintiff alleges that Defendants violated § 44-316 when providing Plaintiff with a severance agreement because, according to Plaintiff, § 44-316 provides that an employer may not condition payment of wages on a severance agreement. (First Amend. Pet. ¶ 251, page 57). Plaintiff further alleges that the severance agreement was "unconscionable" because it contained such standard provisions as non-compete and non-disclosure clauses, among others, which "would preclude employment in sales elsewhere." (Id. ¶ 252, page 57). Lastly, Plaintiff alleges that on July 17, 2017, he made a demand to Defendants for all past due wages and commissions. (Id. ¶ 253, page 58).

First, Kansas Statutes Annotated § 44-316 does not address restrictive covenants. Indeed, Kansas courts have explicitly held that restrictive covenants are enforceable. *See Weber v. Tillman*, 913 P.2d 84, 96 (Kan. 1996) (holding that Kansas courts will not generally interfere with an employer and employee's freedom to contract and upholding a non-compete agreement). Second, § 44-316 does not prohibit severance agreements; rather, it prohibits employers from requiring employees to sign away their rights to *earned* wages. *See A.O. Smith Corp. v. Kan. Dep't of Hum. Res.*, 36 Kan. App. 2d 530 (Kan. Ct. App. 2009) (explaining that severance serves a function distinct from wage payment statutes). Plaintiff's interpretation of this statute is grossly flawed and Count V of the First Amended Petition should be dismissed for Plaintiff's failure to state a claim under Kansas Statutes Annotated § 44-316.[6]

---

[6] Plaintiff also alleges the same theory of recovery under Kansas Statutes Annotated § 44-321, which prohibits the waiver of rights under Chapter 44. (First Amend. Pet. ¶¶ 254, 255, page 58) The Court should dismiss this claim for the same reasons the Court should dismiss Plaintiff's claims under § 44-316.

12

**4.** Allegations Under § 44-319 Should Be Dismissed Because Plaintiff Does Not Allege Facts To Support A Violation Of § 44-319.

Kansas Statutes Annotated § 44-319 (commingled in Count V of the First Amended Petition) states that wages cannot be withheld unless required by law or agreement. Plaintiff alleges that Defendants have "withheld the sum of $5,000 by way of deduction from Plaintiff's portfolio profit compensation characterizing the same as $2,500 base and $2,500 draw." (First Amend. Pet. ¶ 253, page 58). Defendants cannot determine from this allegation in what manner Plaintiff's wages were withheld. To the extent Plaintiff is claiming that the amount "withheld" was a draw against commissions, (*see* First Amend. Pet. ¶ 253, page 58), Plaintiff has not plead a violation of § 44-319 because a draw against commissions is not a withholding of wages. Rather, a draw serves as an advance on commissions covered and reimbursed by subsequent commissions earned. Indeed, Plaintiff's allegation really seems to assert not that Defendants withheld the $5,000, but instead that Defendants ***paid*** the $5,000, but simply mischaracterized the sum as "$2,500 base and $2,500 draw."

Plaintiff has not provided any information as to the type of compensation withheld; the amounts withheld, or when the alleged amounts were withheld. Plaintiff's vague pleading precludes Defendants from properly preparing a responsive pleading, engaging in meaningful discovery, or preparing for trial. Accordingly, the Court should dismiss all claims under § 44-319 in Count V of the First Amended Petition.

**5.** Section 44-324 Does Not Provide A Private Cause Of Action.

In Plaintiff's quest to allege that Defendants violated nearly every section of Chapter 44, it seems Plaintiff failed to analyze critically the statutes themselves. In Count VI of the First Amended Petition, Plaintiff alleges that Defendants violated Kansas Statutes Annotated § 44-324, among other provisions of the statute, which will be addressed below. Section 324 contains four

13

subsections: subsection (a) grants jurisdiction to a court of competent jurisdiction to hear a proceeding by an employee under the KWPA; subsections (b) and (c) explain the process when the secretary of labor determines an employee has a valid claim for unpaid wages; and subsection (d) establishes a wage claims assignment fee fund. K.S.A. § 44-324. Lacking from § 44-324 is any language requiring an employer to take an action or providing an individual employee with a cause of action against an employer.

Indeed, the Kansas Courts have specifically held that § 44-324 provides no individual cause of action and imposes no obligations for Defendants to violate. *See, e.g., Michaeux v. Amalgamated Meatcutters & Butcher Workmen*, 231 Kan. 791, 793 (Kan. 1982) (explaining that K.S.A § 44-324(b) is the avenue by which the secretary takes assignment of a claim); *Shelley v. State*, 27 Kan. App. 2d 715, 723 (Kan. Ct. App. 2000) (stating that "[t]he statute further provides that the amount recovered is to be placed in the wage claims fee fund."). Accordingly, this Court should dismiss all claims under § 44-324 in Count VI of the First Amended Petition.

**6.** <u>Plaintiff Does Not Plead Specific Facts Showing Violation Of § 44-342</u>.

Under Kansas Statutes Annotated § 44-342, a commissioned employee must be paid earned commissions no later than 30 days after the last day of the contractual relationship. Plaintiff alleges that CardConnect knowingly and willfully refused to pay him commissions in the amounts due throughout his employment. (First Amend. Pet. ¶ 258, page 59). This broad assertion does not meet the federal pleading standards. Plaintiff has not provided any facts regarding the allegedly owed commissions, such as dates and amounts, how the commissions were earned, and when the commissions became due. Accordingly, this Court should dismiss Plaintiff's claims under § 44-342 in Count VI of the First Amended Petition.

14

7. <u>Plaintiff Does Not Seek Payment Of Undisputed Commissions Under § 44-343</u>.

Kansas Statutes Annotated § 44-343 states that if the amount of commission is disputed, the employer is to pay the employee all commissions which in good faith the employer believes were earned, leaving the employee to rely on other sections of Chapter 44 to bring claims for unpaid commissions. In other words, § 44-343 provides that an individual not paid ***disputed*** commissions is to use other sections of Chapter 44 to seek recovery of unpaid commissions from his employer. Plaintiff, however, does not allege that Defendants failed to pay ***undisputed*** commissions. (First Amend. Pet. ¶ 264). Accordingly, Plaintiff cannot rely on § 44-343 to state a claim, and this Court should dismiss any such claim in Count VI of the First Amended Petition.

8. <u>Plaintiff Has Not Pled A Claim Under § 44-347 Because It Does Not Provide A Right Of Action</u>.

Plaintiff asserts that Kansas Statutes Annotated § 44-347 (cited in Count VI of the First Amended Petition) gives a commissioned employee the right to recover commissions arising not just from sales made before termination but also by virtue of sales made ***after termination*** based on a contract signed before termination. (First Amend. Pet. ¶ 265). Specifically, Plaintiff alleges that his sales occurred "as a result of a prospective customer signing a contract for the provision of financial transaction processing and related services. Plaintiff's procurement of the customer's agreement constituted his sale and vested his right to ongoing payment from the CCPROFIT accrued from the customer." (Id. ¶ 266). Section 44-347, however, does not provide what Plaintiff alleges.

Section 44-347 simply provides that nothing in Chapter 44 prevents a salesperson from collecting commissions on merchandise ordered prior to the last day of the contractual relationship or paid after termination. In other words, "[t]his statute permits a commission salesperson to

15

collect commissions based upon business sold but not yet collected prior to termination, but *does not require the employer to pay such commissions*." *Colboch v. Morris Communs. Co., LLC*, No. 05-4143-SAC 2007 U.S. Dist. LEXIS 7621, at *59 (D. Kan. Jan. 31, 2007) (emphasis added). Instead, a plaintiff must plead that he is entitled to commissions after termination pursuant to a "contractual provision requiring the payment of such commissions," and without such a contractual provision, the plaintiff "is relegated to proving [he] is owed by virtue of the employer's policy and practice." *Id.* Plaintiff has not plead contractual entitlement to post-termination commissions nor that Defendants' policy and practice is to pay continuing commissions after termination. To the contrary, Plaintiff pleads that the parties specifically did not enter into an agreement and pleads that he was not paid continuing commissions after his previous separation from employment in February 2014. (First Amend. Pet. ¶ 184, Facts Common to All Counts). This Court should dismiss Plaintiff's allegations under Kansas Statutes Annotated § 44-347 in Count VI of the First Amended Petition, with prejudice.

> **9.** Plaintiff Has Not Alleged Any Criminal Proceedings Required For Violation Of §§ 44-117 To 44-119.

In Count VII of the First Amended Petition, Plaintiff seems to assert claims under sections 44-117 and 44-119 of the Kansas Statutes Annotated alleging that: (1) CardConnect's "threats" in the proposed severance agreement constitute a written violation of the statutes; and (2) CardConnect made comments in violation of the statutes. (First Amend. Pet. ¶ 275). Plaintiff further alleges that because of these violations, Plaintiff is entitled to treble damages and attorney's fees under § 44-119. (Id. ¶ 278).

First, as stated *supra* Section III.A.iii., neither a severance agreement nor a restrictive covenant agreement is prohibited under Kansas Statutes Chapter 44. Nor was § 44-117 written to preclude severance agreements. Rather, § 44-117 is "intended to prevent blacklisting and requires

a criminal blacklisting conviction of an employer in order to bring a civil blacklisting claim." *Hawkins v.* MCI, No. 04-1328-JTM, 2005 U.S. Dist. LEXIS 45169, at *21 (D. Kan. May 13, 2005); *see also Anderson v. United Teleph. Co. of Kansas*, 933 F.2d 1500, 1503 (10th Cir. 1991) (holding that "a criminal blacklisting conviction is an element of a civil blacklisting claim against an employer under Kansas law"); *Michaelson v. Equitable Life Assur. Soc.*, No. 89-2269-O, 1990 U.S. Dist. LEXIS 17878, at **11-12 (D. Kan. Dec. 19, 1990) (same).

Plaintiff does not here allege there has been any criminal conviction of CardConnect, nor any Defendant, which is an express prerequisite to suit under § 44-117. Because Plaintiff does not, and cannot, allege that any Defendant has been subject to such a criminal conviction, Plaintiff cannot state a claim under § 44-117 and cannot establish remedies under sections 44-118 and 44-119, and this Court should dismiss these claims in Count VII with prejudice.

### D.  Plaintiff's Claims in Counts IV Through VII Are Barred by the Statute of Limitations.

In Counts IV through VII, Plaintiff alleges that Defendants failed to pay certain wages and/or commissions dating back to 2014 under various statutory theories. Even if Plaintiff had properly pled all allegations in Counts IV through VII, which he has not, all claims for unpaid wages prior to May 10, 2015, must be dismissed with prejudice as they are time barred. The statute of limitations on these statutory wage claims is three years. K.S.A § 60-512; *see also Endecott v. Commercial Floorworks, Inc.*, No. 16-2190-JWB, 2018 U.S. Dist. LEXIS 176333, at **24-25 (D. Kan. Oct. 15, 2018). Plaintiff filed his petition on May 10, 2018. Accordingly, Plaintiff is not entitled to any recovery under these statutory wage claims accruing prior to May 10, 2015.

### E.  This Court Should Dismiss Count VIII Because Plaintiff Does Not Allege that He Was Not Paid the Minimum Wage.

This Court should dismiss Count VIII because Plaintiff does not plead a violation of Missouri Revised Statutes § 290.527. As a threshold matter, an unpaid wages claim under this

statute is subject to a two-year statute of limitations. As such, any claim for unpaid wages accruing prior to May 10, 2016 (two years prior to the May 10, 2018, filing date) must be dismissed with prejudice. As applicable to Plaintiff's claims, the Missouri Minimum Wage Law, sections 290.500, *et seq.*, of the Missouri Revised Statutes, requires payment of minimum wage. Plaintiff, however, does not plead that he was paid less than the minimum wage. Plaintiff pleads only that his purported salary of $5,000.00 was not paid and was somehow deducted from his commission checks. (First Amend. Pet. ¶ 290, page 65). Yet, Plaintiff does not allege that his resulting commission checks were less than the statutory minimum wage. The Missouri Minimum Wage Law does not provide a vehicle to collect allegedly owed amounts over and above the minimum wage. Accordingly, this Court should dismiss Count VIII with prejudice.

### F. Count IX Should Be Dismissed With Prejudice Because Plaintiff Has Not Complied With The Statutory Requirements and The Statute of Limitations Has Run.

This Court should dismiss Count IX because (1) the cited statute is inapplicable to commissioned employees, (2) Plaintiff did not make a written request under the statute, and (3) even if the cited statute were applicable and Plaintiff had made a written request, the statute of limitations has run on Plaintiff's claim. Under Missouri Revised Statutes § 290.110, an employer is required to provide a discharged employee with his final paycheck on the day of discharge. "The time limits imposed on employers by this are triggered after the employee makes a written request." *Henderson v. Cypress Media, Inc.*, No. 12-0803-CV-W-ODS, 2012 U.S. Dist. LEXIS 116331, at **6-7 (D. Mo. Aug. 17, 2012). The language of the statute, however, states that it "shall not apply in the case of an employee whose remuneration for work is based primarily on commissions . . . and where an audit is necessary or customary in order to determine the net amount due." R.S. Mo. § 290.110. As Plaintiff explains numerous times throughout his First Amended Petition, Plaintiff was compensated primarily through commission payments. (*See e.g.,* First

18

Amend. Pet. ¶¶ 80, 81 "Facts Common To All Counts").  As a commissioned employee, Plaintiff cannot bring a claim under § 290.110 based on the plain language of the statute.  Count IX should be dismissed with prejudice on this basis alone.

Even if § 290.110 were to apply to Plaintiff, however, Plaintiff has not and cannot assert that he has provided Defendants with the required written request, which is a prerequisite to suit under § 290.110.  *See Henderson*, 2012 U.S. Dist. LEXIS, at *7 (holding that a verbal request is not sufficient to trigger a plaintiff's right to sue for violation of R.S. Mo. § 290.110).

Notwithstanding the above, the Court should dismiss Count IX with prejudice because the statute of limitations has run.  The Missouri Supreme Court has said that, "requests for unpaid wages under Section 290.110 made more than ninety days after termination are untimely as a matter of law."  *Jones v. Galaxy 1 Mktg.*, 478 S.W. 3d 556, 574 (*citing Monterosso v. St. Louis Globe-Democrat Publ'g Co.*, 368 S.W. 2d 481, 489 (Mo. 1963)).  Plaintiff was terminated on May 8, 2017; therefore, the statute of limitations on any claim he may have had under § 290.110 ran on August 6, 2017.  Plaintiff filed his Petition nine months later.  Accordingly, the Court should dismiss Count IX with prejudice.

### G.    Count X Should Be Dismissed With Prejudice Because Plaintiff Has Not Pled a *Prima Facie* Case of Outrage.

Plaintiff fails to state a *prima facie* case of the tort of outrage in Count X.  "Missouri law defines the tort of outrage as extreme and outrageous conduct, done intentionally or recklessly, which causes emotional distress manifested in bodily harm.  *See LaBrier v. Anheuser Ford, Inc.*, 612 S.W.2d 790, 793 (Mo. Ct. App. 1981) *W.C.H. of Waverly, Mo., Inc. v. Meredith Corp*., No. 85-1400-CV-W-1, 1986 U.S. Dist. LEXIS 18125, at **4-5, 13 (W.D. Mo. Nov. 4, 1986).  Plaintiff merely alleges that Defendant engaged in outrageous conduct.  Assuming *arguendo* that the allegations in the First Amended Petition set forth allegations of outrageous conduct, which they

clearly do not, Plaintiff still fails to plead that the conduct was, "done intentionally or recklessly," and caused Plaintiff "emotional distress manifested in bodily harm." Thus, Count X must be dismissed for Plaintiff's failure to plead a *prima facie* case.

## CONCLUSION

Defendants respectfully request that the Court (1) dismiss Plaintiff's First Amended Petition in its entirety due to its numerous pleading deficiencies; and (2) dismiss Counts II-X of Plaintiff's First Amended Petition for failures to state claims.

## CERTIFICATE OF SERVICE

On this 5th day of September 2019, I certify that a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF electronic filing system which will send a notice of electronic filing to the following counsel of record:

Stephen Bradley Small, Esq.  MO #33097
LAW OFFICES OF
STEPHEN BRADLEY SMALL, LLC
Box 414678
Kansas City, MO 64141-4678
SBSESQ@aol.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Kyle B. Russell*
**ATTORNEY FOR DEFENDANTS**

21