UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Mike Davis,

    Plaintiff,

vs.                              Case No.: 4-19-00686-RK

Renny Palumbo, et al.,

    Defendants

# MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION, ORIGINAL DEFENDANT'S DEFAULT IN STATE COURT, AND UNTIMELY NOTICE OF REMOVAL

Comes now the Plaintiff and moves the court remand this matter to Jackson County Missouri Circuit Court after vacating all orders entered, for lack of subject matter jurisdiction and untimely Notice of Removal  In support hereof Plaintiff states:

1.) The lawsuit was filed in Jackson County, Missouri Circuit Court on May 10, 2018.  On December 3, 2018  Kyle Russell filed an Entry of Appearance in state court on behalf of all of the original Defendants.  This case became non-removable pursuant to 28 U.S.C. 1446(c) on May 10, 2019 on grounds of diversity of citizenship.

2.) Plaintiff's Petition raised no claim based upon federal law, and neither does the First Amended Petition.   There also was not complete diversity of citizenship between Plaintiff and the corporate defendants employee Defendant Renny Palumbo who were both residents of Missouri, the state in which the action had been pending.

3.)  More than a year after the suit was filed Mr. Palumbo was moved to Chicago by the corporate defendants.  This did not create diversity jurisdiction where no subject matter jurisdiction previously existed in federal court.  A party's post filing change in citizenship cannot

1

cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action. The Supreme Court noted it has "long adhered to the rule that subject-matter jurisdiction in diversity cases depends on the state of facts that existed at the time of filing." <u>Groupo Dataflux v. Atlas Global Group, LP</u>, 541 U.S. 567 (2004). The residency of parties for purposes of testing diversity is at the filing of the suit, not more than a year later after the corporate defendants relocated Missouri resident Palumbo from Missouri to Illinois.

5.) Defense counsel failed to file a Notice of Removal within 30 days after the case was filed because he knew the case was not removable because there was not complete diversity between the Plaintiff and the Defendants, and he knew there was no federal question jurisdiction. 28 U.S.C. 1446 (b)(3); 28 U.S.C. 1332.

6.) A case cannot become removable based upon Defendant's defenses. Defendant Palumbo was not fraudulently misjoined or fraudulently joined in that the claims against him are directly related to his position as Plaintiff's manager with respect to false and defamatory statements Mr. Palumbo made to others after Plaintiff's termination and which were further repeated to third parties including to the Plaintiff.

7.) Fraudulent misjoinder occurs where the Plaintiff joins a resident of the same state of the Plaintiff where there is no relationship between the claims against the diverse defendants and the non-diverse defendant. Here the claim against Mr. Palumbo is related to the claims against the corporate defendants. Here the Plaintiff seeks the disgorgement of his accounts and leads ("Portfolio") as against the corporate defendants and damages for defamation in his post employment having nothing to do with the operation of Defendant's business but instead calculated to eliminate Plaintiff as a viable potential competitor. Prior to his ultimate wrongful severance Defendant Palumbo told persons who had no reason related to the management of

2

Defendant's business to hear allegations that Plaintiff was stealing his accounts and sending them to a competitor Basys. These statements were unqualifiedly false, and in the nature of accusation of a criminal offense, "stealing" which until recent times was considered defamation *per se*. One must file all claims against a Defendant which arise from the same transactions or occurrences in a single lawsuit. Mr. Palumbo's defamatory statements arose with respect to the very property for which disgorgement is prayed, the return of the accounts because defendants failed to pay as agreed and further denied an obligation to do so. Whether or not the defendants may have some privilege defense as to certain employees to whom Mr. Palumbo defamed Plaintiff, they have no such defense as to employees calling Plaintiff and informing him that Renny Palumbo is telling people you are stealing accounts and sending them to Basys. The defamation claim is inextricably intertwined with the equity claims and statutory employment claims. It is a tort claim directly against Renny Palumbo who the corporate defendants may claim was "off the reservation" in making such statements to avoid their respondeat superior or vicarious liability for the defamation. There is no lack of relation between Mr. Palumbo and the corporate defendants with respect to Plaintiff, and the actionable words arose in the context of employment so that there was no fraudulent misjoinder. Mr. Palumbo was not egregiously misjoined to destroy diversity. Plaintiff's evidence will include a chronology of animosity, mistreatment and business misconduct by Mr. Palumbo directed at Plaintiff and that Mr. Palumbo wanted Plaintiff terminated. Termination of Plaintiff would further the corporate defendant's retention of the valuable work product without payment therefore. It is all related. The defamation arose to create a pretext for termination so that the corporate defendants could perfect their conversion and unjust enrichment from Plaintiff's work. Mr. Palumbo's defamatory statement was not a mere memo to an employment file, it was circulated as gossip having

3

Case 4:19-cv-00686-RK   Document 12   Filed 09/30/19   Page 3 of 14

nothing to do with the management of Plaintiff, personnel matters or operation of the business, and the republication of it outside of the business to a former employee by clerical staff to whom it was gossiped could serve no purpose other than to offend and damage Plaintiff emotionally. Plaintiff cannot know to whom all the falsehood was also published without discovery. The claim against Renny Palumbo is not separate nor independent from the corporate defendants, he is sued because he acted on the corporate defendant's behalf as their manager. Plaintiff cannot file two separate suits against the corporate defendants arising from his affiliation with them, he must sue the corporate defendants along with Mr. Palumbo in the same suit for all matters arising from Plaintiff's relationships with the corporate defendants.

Most importantly, the intercompany immunity defense cannot apply to the statement when republished to Plaintiff by way of repetition of gossip within the company. The publication was not to Plaintiff in connection with supervision, management, operations or any legitimate business interest, instead it was repetition of defamatory gossip. The statement was not communicated to Plaintiff in connection with his work, but instead was a lie gossiped to him outside of work.

Plaintiff did repeat the words spoken to him sufficiently, that Renny Palumbo was telling people at CardConnect that plaintiff was stealing accounts and taking them to Basys This is a very precise recitation of what Palumbo was spreading generally at CardConnect and which was repeated not by Palumbo, but by a third party employee of defendants, a receptionist, with no legitimate business reason to hear such statements about Plaintiff and who repeated them to Plaintiff.

8.) A First Amended Petition was filed on July 28, 2019 and served that day upon the counsel for the original defendants by Casenet, the state court document system. To file a

4

Notice of Removal within 30 days as required, it must have been filed by Wednesday, August 27, 2019; however, Defendants did not file their Notice until August 29, 2019, two days out of time. The attempted removal is untimely requiring remand to state court.  Mr. Russell who represents all of the Defendants fails to explain why his Client Fiserv did not learn of the First Amended Petition at the same time he learned of it on behalf of all of the original defendants.  This is especially perplexing given Fiserv had acquired the original corporate defendants.  Discovery would be necessary to understand what his firm did or didn't tell the original defendants and or Fiserv as to when Fiserv learned it had been named, especially given open court representations by Plaintiff that he intended to join Fiserv due to its acquisition of the original corporate defendants subsequent to the filing of suit in May 2010.   Mr. Russell's comment that he became authorized to accept service in late August ignores the fact that he knew Fiserv was joined on the day the First Amended Petition was filed.  The notion that he was only authorized to represent them in late August obfuscates when he told them they were joined, and that should be ordered revealed along with all communication respecting the subject. When Fiserv hired Mr. Russell is not the key to their notice, when they became aware is. Constructively they knew the day the First Amended Petition was filed and transmitted to Mr. Russell.

8.)	Defendants were also in default for failure to Answer or otherwise respond to the First Amended Petition in state court within 10 days as to the original defendants.  Rule 55.33(a) Mo. R. Civ. P.  Pursuant to Rule 55.09 original defendants failure to deny all well pleaded facts in the First Amended Petition within 10 days deemed them admitted.   It is unjust and inequitable to permit the original defendants to circumvent their default in state court by failing to respond to the First Amended Petition as required by law.  Plaintiff was and remains entitled to an interlocutory order of default against Renny Palumbo, CardConnect, LLC,  CardConnect, Corp,

and First Data Corp. for their failure to file a response to the First Amended Petition within 10 days. The attempted removal was untimely in that Defendants were already in default in state court, and they attempted to remove more than a year after the original Petition was filed and more than 30 days after the First Amended Petition was filed and served by Casenet.

10.) Defendants admit the Eighth Circuit has not adopted the "revival doctrine" to permit removal more than 30 days after the suit was filed when it is so fundamentally changed in character to create a new lawsuit.

11.) The First Amended Petition did not fundamentally alter the lawsuit, but was filed in response to Defendants Motion to Dismiss which objected to paragraph length and numbering and the combination of related statutory claims in a single count. The paragraph count naturally increased from reduction of longer paragraphs into shortened ones. The claim count increased from 6 to 9 by uncoupling the statutory claims. The only new claim was for the tort of outrage under state law, which merely added one paragraph, alleging the defendants conduct was of a nature that reasonable persons would declare it outrageous. Notably, this same standard is that for punitive damages, which was prayed in several of the separate counts. The additional single paragraph count added nothing to change the landscape in terms of claims or remedies but merely incorporated the prior counts and characterized the conduct mentioned therein as outrageous. The amendment did attach two exhibits, orders from other federal litigation against CardConnect demonstrating their pattern of inequitable conduct and history of novel argument.

12.) The addition of Fiserv in the First Amended Petition was solely due to the fact that it had acquired the original corporate defendants and thereby the Plaintiff's property already subject to claims for disgorgement. No new independent claim is asserted against Fiserv, it is joined based upon liability being imputed to it as a successor based upon the liability of the

6

original defendants. This did not alter the nature of the litigation or claims for relief. Equitable disgorgement includes tracing Plaintiff's assets or benefits conferred to Fiserv due to its acquisition of the original defendants. There is no federal claim against Fiserv, moreover the addition of Fiserv did not render a non-removable action removable. 28 U.S.C. 1367.

13.) Federal law is clear that the commencement date of an action is the date it was filed for purpose of determination of whether there is diversity. If the action could not have been filed in federal court at the outset for lack of diversity it remains non-removable. It is clear that defendant's tactic in moving Defendant Palumbo from Kansas City to Chicago was for the purpose of fraudulently arguing that diversity was somehow created more than a year after the lawsuit was originally filed in state court, and this is a fraud upon the Plaintiff and the court.

14.) Fiserv is represented by the same lawyers who represent each of the original defendants. Fiserv's lawyers received notice that the First Amended Petition named Fiserv the same day it was filed. Whether Fiserv was solicited by Mr. Russell's firm or had already engaged them the date Fiserv authorized Mr. Russell to enter his appearance is not dispositive, instead the date Fiserv first learned of its joinder matters, but in any event Fiserv's lawyer did not file a Notice of Removal within 30 days of learning of the First Amended Petition.

15.) At the time of removal Plaintiff had not requested nor was process issued to Fiserv and there was neither service of process, nor a request for waiver of formal service nor acceptance by mail. Fiserv did not appear in Jackson County but instead filed its Notice of Removal later than 30 days from service of the Petition upon its counsel on behalf of the original defendants. Fiserv was out of time when it filed Notice of removal more than 30 days after the First Amended Petition was served on defense counsel

7

16.)     Fiserv did not "accept service of the Petition" on August 28, 2019, and this is another of defense counsel's misrepresentations.   This is because no process was issued to Fiserv, no request for waiver was made of defense counsel, no acknowledgment of service was requested and no such document appears in the court file.   Fiserv was not served and before Jackson County, it attempted to remove before that task was completed.  It acceptance of service argument is false and misleading to attempt to create a fact upon which its untimely removal was attempted. It should be sanctioned and Plaintiff's attorneys fees and expense awarded for its frivolous and misleading fabrication of false factual assertions.  Likewise nothing done by Defendants was timely with regard to removal, in addition to the original defendants having defaulted for failure to respond within 10 days to the first amended petition.

17.)     The Notice of Removal was filed 31 days after Mr. Russell received the First Amended Petition and more than 15 months after the lawsuit was filed.

18.)     The defendants failed to comply with procedural law respecting the timing of their Notice of Removal and there was not diversity of jurisdiction as required by 28 U.S.C. 1332 requiring the case be remanded to state court.     28 U.S.C. 1332 provides the district court "original jurisdiction" where the dispute is between parties from different states and amount in controversy, meaning damages, exceeds $75,000.

19.)     Diversity is determined as of the filing of the original petition.   Both Plaintiff and Defendant Palumbo resided in Jackson County, Missouri.   The lawsuit could not be filed in federal court at the outset in that there was no federal question and there was not diversity.

20.)     In their Notice of Removal Defendants contend that because Renny Palumbo who was an employee of CardConnect, was relocated by them to Chicago on some unspecified date in May 2019 - a year after the suit was filed - satisfaction  of the diversity requirement of 28 U.S.C.

8

Case 4:19-cv-00686-RK   Document 12   Filed 09/30/19   Page 8 of 14

1332 was accomplished. They are wrong. Diversity is not measured by when a defendant litigant moves to a different state. If that were the law, then any Defendant in any litigation could create subject matter jurisdiction in a federal court where it did not previously exist. The abuse would completely disrupt litigation pending in state courts across the country

21.) 28 U.S.C. §1441 provides that .

(a) Generally.—

Except as otherwise expressly provided by Act of Congress, any civil action <u>brought in a State court of which the district courts</u> of the United States <u>have original jurisdiction,</u> may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This has been construed to mean that only if at the time of the filing of the law suit in state court the district court also had original jurisdiction then the action may be removed. If the district court did not have original jurisdiction at the filing of the state court action then the case cannot be removed.

28 U.S.C. §1441(b)(2) states:

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title <u>may not be removed if any</u> of the <u>parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

Defendant Palumbo admittedly was a Missouri resident at the time the lawsuit was filed in Jackson County, Missouri. Defendant Palumbo resided in Missouri where the action was filed. Pursuant to 28 U.S.C. 1441(b)(2). He was properly joined and served and those facts rendered this action non-removable.

22.) If an action is properly removable 28 U.S.C. §1446 (b)(1) requires:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service or otherwise, of a copy** of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant <u>if such initial pleading has then been filed</u> in court and is not required to be served on the defendant, whichever period is shorter.

Each of the original defendants received service on July 28, 2019 by Casenet distribution to Mr. Russell. The original defendants are owned by Fiserv and notice should thereby be imputed to Fiserv by the receipt of service by the entities it subsumed.

23.)   The First Amended Petition did not alter the complexity of the litigation. It separated a number of state statutory claims into separate counts explaining expansion of the original petition from 6 to 9 counts, and added a 1 paragraph 10th count for tort of outrage the elements of which are the same as for punitive damages prayed in the prior counts. these modifications were prompted by Defendants' Motion to dismiss which complained that statutory claims were combined in a single count, that paragraphs were too lengthily, and objection to the paragraph numbering. No new cause of action that was not described previously was added, but clarity through more definiteness was added. That does not change the theories or landscape. The addition of Fiserv as a continently liable party based upon the conduct of its acquired original defendants did not change the direction of the litigation but merely made collection of the assets possible due to Fiserv's acquisition of the original defendants. Had Fiserv not acquired the original defendants after the original petition was filed Fiserv would not have been joined. There is no separate claim against Fiserv, its liability is alleged to be premised upon that of the entities it acquired who took Plaintiff's portfolio and refused to pay him. The relief as to Fiserv is equitable disgorgement.

24.) 28 U.S.C.§1447(c) authorizes an award of attorney fees when defendants remove a case from state court in bad faith. Clearly there was no subject matter jurisdiction because there was no federal law based claim and because there was not diversity when the law suit was filed in May 2010. Moving their employee Palumbo from Missouri more than a year after the case was filed did not create diversity for he was already a defendant resident of the state in which the action was proceeding. The removal was unwarranted and nothing on the face of either the Petition or First Amended Petition would cause a reasonably prudent attorney to believe otherwise. Removal was interposed to attempt to destroy Plaintiff's representation and thereby harm not only Plaintiff's right to a default order in state court but to further prevent Plaintiff from continuing to be represented by his chosen counsel in his chosen forum. Had Plaintiff wished he could have filed additional claim under federal law and brought suit in federal court. He did not do so in that state law already afforded every remedy under his various theories.

Defendants forced counsel to expend significant time responding to their frivolous voluminous arguments, false factual assertions, and to hire additional counsel to file a response. In circumstances such as these, the balance of the equities supports an award of fees to reimburse plaintiff for unnecessary litigation costs caused by defendants. 28 U.S.C. 1447(c), State ex rel. Nixon v. Nextel West Corp., 248 F. Supp. 885 (ED Mo. 2003).

25.) Lacking subject matter jurisdiction to act in this case Plaintiff requests the court vacate all orders entered, and to strike all filings by the Defendants in remanding this matter to Jackson County, Missouri Circuit Court.

26.) The court should abstain from asserting jurisdiction if it would find it had any, because the underlying action's main thrust is in equitable jurisdiction in unjust enrichment and quantum meruit, as in matters left to the ecclesiastical courts such as matrimonial matters which

are considered on equitable principals.  See, e.g. <u>Armstrong v. Armstrong</u>, 508 F. 2d 348 (1st Cir. 1974).  It would be inequitable to Plaintiff to wrest from him his original choice of counsel who does not practice in federal court, and his choice of forum by the artifices practiced in the notice of removal and its utter untimeliness.   Even if the court would have jurisdiction over the statutory claims, equitable jurisdiction was invoked in state court and should not be divested to further the ends of defendants attempt to avoid their default by an untimely removal based upon the fraud that they had accepted service of process which never issued.

27.)	Defendants bald assertions that they have complied with the removal statutes were in bad faith,  they have the burden of proof as to all elements of removal and have utterly failed. <u>Carson v. Dunham</u> , 121 U.S. 421  (1887). The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." <u>Gore v. Trans World Airlines</u>, 210 F.3d 944, 948 (8th Cir.2000).

28.)	The essence of Defendant's position is in a purported defense to the defamation claim against all defendants. A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law.  "Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399, 107 S.Ct. 2425. "Thus, a case may not be removed to federal court on the basis of a defense, even if the defense in anticipated in the plaintiffs complaint, and even if both parties admit that the defense is the only question

truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

29.) The court should abstain from this case even if it would find subject matter jurisdiction because the nature of the relief sought, equitable disgorgement, and remand will not leave the litigants without remedy in state court in applying *Buford* abstention. Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996); Younger v. Harris 401 U.S. 37 (1971). The court should also abstain because the original defendants were in default in state court for failing to answer within 10 days of the filing of the First Amended Petition, because removal was not attempted within 30 days of service of the original Petition nor within a year thereof. The court lacks subject matter jurisdiction and should remand the case to state court vacating all orders entered herein and striking all of the filings of Defendants. The court should also award Plaintiff his attorneys fees and expenses and consider imposition of such other and further relief as appropriate.

Plaintiff incorporate his suggestions in support.

WHEREFORE, Plaintiff respectfully prays the court vacate all orders entered in this matter, strike all of Defendants filings, award Plaintiff his attorneys fees and expenses, and remand this matter to Jackson County, Missouri Circuit Court for wont of subject matter jurisdiction and failure of defendants timely file Notice of Removal, and for such other and further relief as the court deem appropriate.

Respectfully Submitted,

___/s/  Mark D. Wasserstrom_____
Mark D. Wasserstrom, Mo #23620
6624 Tracy Avenue
Kansas City, Mo   64131
(816) 523-4243  wass1@sbcglobal.net
Attorney for Plaintiff Mike Davis


CERTIFICATE OF E-FILING

    I certify that I transmitted the foregoing for electric filing and service via the court's ECF system this 30th day of September, 2019.

s/  Mark D. Wasserstrom_____

14