UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Mike Davis,

    Plaintiff,

vs.        Case No.:  4-19-00686-RK

Renny Palumbo, et al.,

    Defendants

### SUGGESTIONS IN SUPPORT OF MOTION TO REMAND

Plaintiff's motion is timely filed within the 30 day limit pursuant to 28 U.S.C. 1447(c) on procedural grounds, and because there is no time limit to move for remand on grounds of lack of subject matter jurisdiction.

### REMAND IS REQUIRED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION AND BECAUSE THE DEFENDANTS FAILED TO TIMELY FILE THEIR NOTICE OF REMOVAL

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir.1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F. Supp. 745, 746 (E.D.Mo.1994).

1

Defendants removed on alleged diversity grounds. State court actions cannot be removed on diversity grounds more than 1 year after commencement of the action in state court. Codner v. American Home Products Co., 123 F. Supp 2d 1272 (W.D. Okla 2000). Defendants do not assert removal based upon any federal question.

    A.    **The Case Was Not Removable on Grounds of Diversity When Filed And Did Not Become Removable by Defendant Palumbo's Relocation During the State Court Litigation**

It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." Mollan v. Torrance, 9 Wheat. 537, 539 (1824). In Conolly v. Taylor, 2 Pet. 556, 565 (1829), the court held "jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." "[J]urisdiction could no more be given … by the amendment than if a citizen of Florida had sued another in that court and subsequently sought to give it jurisdiction by removing from the State." 138 U. S.em>., at 708. Refusing to allow a citizenship change of a party to cure a jurisdictional defect which existed at the time of the filing of a lawsuit, the Supreme Court held that, a party's post filing change in citizenship cannot cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action. This Court has long adhered to the rule that subject-matter jurisdiction in diversity cases depends on the state of facts that existed at the time of filing. The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful. Grupo Dataflux v. Atlas Global Group, L. P., 541 U.S. 567 (2004). Defendant's argument that Renny Palumbo moved from Missouri, where both he and Plaintiff resided at the time of the filing of the action to Illinois over a year later created diversity is without merit. Moreover, the move of a

2

party at the behest of a corporate defendant could be used to fraudulently create diversity jurisdiction where none existed at the time of the filing and could be used to manufacture a post-filing basis for federal jurisdiction when it did not exist at the time the suit was commenced. Plaintiff moves remand and vacation of all orders entered.

> **B. The Joinder of Fiserv Did Nothing To Create Diversity Jurisdiction In that it's Citizenship Does Not Realign the Parties & it was not Served nor Process or Waiver Requested.**

28 U.S.C. 1367 would appear to reinforce that this case did not become removable due to the joinder of Fiserv who is alleged to be liable solely on the basis of the liability of the original corporate defendants whom it acquired. There is no independent basis of liability for Fiserv alleged, thus, the recent joinder of Fiserv did not transform an otherwise non-removable action into a removable one in the absence of a federal question -- which there are none raised by either the original or amended petitions. No service or waiver of service was requested of Fiserv. It was not served and before the Jackson County Circuit Court when it filed a Notice of Removal.

This court lacks subject matter jurisdiction, and as explained in *Dataflux* the threshold question is whether the court had subject matter jurisdiction when the underlying case was filed, not whether 28 U.S.C. 1441 created it by curing a jurisdictional change midstream. Fiserv was not served, no process was requested nor was defense counsel requested to waive service for it; instead, all of the sudden defense counsel entered an appearance for a new client who had not been served, arguably by solicitation of them as a new client. 28 U.S.C. 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be <u>removable only if</u> none of the parties in interest properly joined <u>and served as defendants</u> is a citizen of the State in which such action is brought.

3

Here Fiserv was not served whatsoever, and therefore the Defendants argument that 28 U.S.C. 1441(b) created jurisdiction is without merit because the argument that Fiserv was in fact served is utterly false, and a misrepresentation to this court. Even if that were not so 28 U.S.C. 1446(b) requires learning, through service or otherwise, of a copy of an amended pleading, motion, order or other paper <u>from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

The case was on file as of May 10, 2018, more than a year prior to the filing of the First Amended Petition, and Fiserv's attempt to remove is based upon diversity jurisdiction.

The First Amended Petition is not a paper that gave notice the case became removable in that it alleges that "Defendant Palumbo at all times relevant has been a resident of Jackson County, Missouri" and also alleges that Plaintiff is a resident of Missouri (Doc. 1-2, at p. 88, ¶ 1 and ¶ 4). The paper does not provide a basis to ascertain the case became removable[1], and in any event it was filed more than a year after the suit was filed, and there is no federal law based claim asserted to have created federal question jurisdiction upon which Fiserv could have 30 days to seek removal. Moreover, Defendant's arguments are disingenuous in that all of the original Defendants knew that Renny Palumbo was still employed by them when he moved on an unspecified date in May 2019, thus one must wonder why, if the case in fact had become removable due to his move to Illinois in "May 2019", the original defendants did not attempt removal within the first year the suit was pending. The answer to that question is that either

---

[1] See, e.g., Haag v. Webster, 434 F. Supp. 2d 732 (W.D. Mo. 2006) (remand ordered where removal attempted more than 30 days after service on grounds Order was not basis to ascertain case was removable); Williams v. Safeco Ins. Co., 74 F.Supp. 2d (W.D. Mo. 1999) (remanding attempted removal 4 months after case filed on procedural grounds 28 U.S.C. 1446(b) only 30 days permitted);

Renny Palumbo moved more than a year after the case was filed rendering the case unremovable, or Defendant's were aware the case was not removable despite his move because they failed to remove within 30 days thereof. Either way they missed the 30 day and 1 year deadlines expressed in 28 U.S.C. 1446(b) which are procedural requiring remand, and due to a lack of diversity jurisdiction as provided in 28 U.S.C. 1332.

In <u>Carroll v. Gold Medal of Tennessee, Inc</u>., 869 F. Supp. 745 (E.D. Mo. 1994), the presence of a home state defendant is not considered a "procedural defect", but rather a "jurisdictional defect" which may be raised at any time. <u>Hurt v. Dow Chemical Co</u>., 963 F.2d 1142, 1145-46 (8th Cir. 1992). In Hurt, the Eighth Circuit Court of Appeals equated diversity jurisdiction in removal cases to the court's original subject-matter jurisdiction. It found that if the statutory requirements for removal jurisdiction were not met, then the district court has no jurisdiction. <u>Id</u>., at 1145:

> Title 28 U.S.C. 1441(b)[2] makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed ... The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. (Citations omitted). If one of the statutory requirements is not met, the district court has no jurisdiction.

28 U.S.C.§ 1332(a) codifies diversity jurisdiction, and it requires that the original Plaintiff must be resident of a different state from all of the Defendants. Here at the time the Petition was filed on May 10, 1918 Plaintiff and Defendant Palumbo were both Missouri residents and there was not diversity jurisdiction upon which the case could be removed under authority of 28 U.S.C. §1332(a).

28 U.S.C. §1446(b) imposes a one year sunset, from the original filing in state court:

5

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.</u>

Thus, even though Fiserv was not identified as a defendant until July 30, 2019, that occurred more than a year after the case was initiated on May 10, 2018. Had the Amended Petition been filed more than 30 days after the original filing but less than one year thereafter Fiserv may have attempted removal, but it was not entitled to do so 14 and half months later on the basis of diversity jurisdiction pursuant to 28 U.S.C. 1332. Had there been federal question jurisdiction it could have but not in the case of diversity jurisdiction pursuant to 29 U.S.C. 1332. This court lacks subject matter jurisdiction removal based upon the plain language of 28 U.S.C. 1332 and 28 U.S.C. 1446(b) and must vacate every order and remand to state court because there is no independent federal question jurisdiction upon which removal may be sustained.

### X.) The Case Is Not Removable Pursuant to 28 U.S.C.§ 1441(b)

28 U.S.C. §1441(b)(1) provides the court shall disregard the citizenship of defendants sued under fictitious names, and §1441(b)(2) provides A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. In that both Plaintiff and Defendant Palumbo were Missouri residents when the case was filed it was not removable.

### XI.) The Case Was Not Removable More that One Year After Initiated Warranting Award of Attorneys Fees and Costs

6

Case 4:19-cv-00686-RK   Document 12-1   Filed 09/30/19   Page 6 of 8

The court in Lytle v. Lytle, 982 F. Supp. 671, 673 (E.D. Mo. 1997) cites an expansive list of cases granting remand where removal on diversity grounds was attempted more than a year after the lawsuit was filed in state court from across the country arising from numerous procedural history. Where subject matter jurisdiction, a prerequisite to removal which is a procedural matter rather than jurisdictional one, is based upon diversity of citizenship (rather than federal question jurisdiction) a case started in state court is not removable on grounds of diversity subject matter jurisdiction more than a year after it was filed even though a a defendant may not have been served until thereafter. *Lytle* granted attorney fees holding it was unwarranted for counsel to attempt removal more than a year after the case was filed on diversity grounds.

The Petition and First Amended Petition on their face stated there is no federal question or claim raised by Plaintiff giving defense counsel unambiguous notice that if they wished to attempt removal they must do so within 1 year. Defendant's tenuous argument that because Defendant Palumbo moved from Missouri diversity was created is inapposite in that he was a Missouri resident throughout the first year of the pendency of the litigation. The argument to the contrary is a fraud upon the court. [2] *Lytles* reasoning compels an award of attorney fees and costs or sanctions of the equivalent under Rule 11. '

---

[2] Removal statutes are to be construed narrowly. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, ___ U.S. ____, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997); Tech Hills II v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir.1993). The language of § 1446 is unambiguous; it plainly prohibits removal on diversity grounds of a case that was commenced in state court more than a year prior to its removal. Caterpillar Inc. v. Lewis, ___ U.S. ____, ____, 117 S. Ct. 467, 473, 136 L. Ed. 2d 437 (1996); In re Burns & Wilcox, Ltd., 54 F.3d 475, 476 n. 4 (8th Cir.1995). The running of this one-year period begins at the filing of the complaint not at the time that the case becomes removable. See Beisel v. Aid Ass'n for Lutherans, 843 F. Supp. 616 (C.D.Cal.1994) (plaintiff added non-diverse defendant to defeat removal and effectuate remand; on remand, state court dismissed non-diverse defendant; nonetheless, second removal held untimely under one-year rule); Baylor v. District of Columbia, 838 F. Supp. 7, 9 (D.D.C.1993) (case may not be removed on basis of diversity jurisdiction more than one year after commencement of action); Hedges v. Hedges Gauging Serv., Inc., 837 F. Supp. 753, 754-55 (M.D.La.1993) (regardless of when a diversity case becomes removable, state court action cannot

7

**THERE WAS NOT COMPLETE DIVERSITY OF CITIZENSHIP WHEN THE STATE LITIGATION COMMENCED**

Defendants further concede that their sales manager Defendant Renny Palumbo was a resident of Missouri as was Plaintiff at the time the state court action was filed. There was not diversity of citizenship when the Petition was filed, and only more than a year thereafter, did Renny Palumbo, on some unspecified date, relocate at the behest of the corporate Defendants due to the corporate defendant's move of an office to Illinois.

When this case was originally filed in Jackson County, Missouri there was not diversity of citizenship and it is noteworthy that Defendants did not attempt removal for over a year and that is because there was no basis in federal question or diversity jurisdiction to do to.

**DIVERSITY IS TESTED UPON THE FILING OF THE ORIGINAL PETITION**

The change of citizenship of a continuing party cannot cure a lack of subject matter jurisdiction that existed at the time of the filing of the original Petition because jurisdiction under 28 U.S.C. 1332 depends upon the facts at the time the original Petition was filed. Catepillar v. Lewis , 519 U.S. 61, at 75. (1996). For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing.

be removed to federal court more than one year after commencement of action in state court; it is Congress' responsibility, not that of the courts, to rewrite the removal statute to eliminate abuses or to make exceptions); Perez v. General Packer, Inc., 790 F. Supp. 1464, 1469 (C.D.Cal.1992) (removal unavailable to defendants added two and one-half years after state case was commenced); Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508 (D.Mass.1992) (where plaintiff settled claim against nondiverse defendant approximately eighteen months after suit's commencement, suit could not thereafter be removed by remaining diverse defendant); Auto Transportes Gacela S.A. De C.V. v. Border Freight Distrib. & Warehouse, Inc., 792 F. Supp. 1471 (S.D.Tex.1992) (§ 1446(b) barred third-party defendant's attempt to remove case more than two years after filing of complaint); Hom v. Service Merchandise Co., 727 F. Supp. 1343, 1344 (N.D.Cal.1990) (removal unavailable even though plaintiff did not serve non-resident defendant within one year of filing action in state court).

8