IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MIKE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 4:19-cv-686 |
| | ) |
| RENNY PALUMBO, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUGGESTIONS IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

Defendants CardConnect, LLC, CardConnect Corp., First Data Corporation, Fiserv, Inc., and Renny Palumbo (collectively "Defendants"), by and through their attorneys, file their Suggestions in Opposition to Plaintiff's Motion to Remand and state as follows:

## INTRODUCTION

Plaintiff's Motion to Remand and Suggestions in Support suffer from many of the same flaws that exist in Plaintiff's *shotgun style* Complaint, making it difficult to follow, difficult to fully comprehend the arguments being raised by Plaintiff and difficult to determine what, if any, support Plaintiff proffers for those arguments. After a careful review of Plaintiff's Motion and Suggestions, it appears that Plaintiff is making three arguments. First, Plaintiff ignores the Scheduling Order issued by the state court judge and mistakenly claims Defendants somehow were in default in the underlying state court action and this somehow affects their right to remove the case. Second, Plaintiff relies on an incorrect date and mistakenly claims that Defendants did not remove within 30 days of being served with the First Amended Petition. Finally, Plaintiff mistakenly claims that the one-year rule found in 28 U.S.C. § 1446(c)(1) is an absolute bar to

Defendants' Notice of Removal, without providing this Court with any legal justification to reject the legal exceptions to that rule cited in Defendants' Notice of Removal.

Plaintiff also appears to very briefly address Defendants' assertion that Defendant Palumbo was either fraudulently joined or fraudulently misjoined. However, Plaintiff gives this argument short shrift in his Motion, cites no cases for the Court to consider, does not address it at all in his Suggestions in Support of his Motion, and, in a nutshell, does not appear to raise any issue not already fully briefed by Defendants in their Notice of Removal.

### I. Defendants Were Not in Default.

Plaintiff, without explaining the legal basis for this argument, claims that this Court should remand this case to state court because Defendants were purportedly in default in the state court action prior to removal. Not only does this argument have no legal support, it is also factually incorrect. Defendants were never in default in the state court action. Plaintiff may be correct that Rule 55.33(a) of the Missouri Rules of Civil Procedure require a response to an Amended Pleading, within 10 days. However, Plaintiff's reliance on Rule 55.33(a) is misplaced because Plaintiff has failed to inform the court that Judge Otto, the state court judge, entered an Order on February 25, 2019, granting Plaintiff leave to file the First Amended Complaint and providing Defendants 30 days from the filing of the First Amended Complaint to file their responsive pleading. *See* ECF No. 1-2 at p. 80.

### II. Defendants Removed This Case Within 30 Days of Being Served With The First Amended Petition.

Again, Plaintiff makes factually incorrect assertions in support of his next argument for remand. Without any explanation or citation to the state court record that was filed as part of Defendants' Notice of Removal [ECF No. 1-2], Plaintiff boldly asserts that Defendants were served with the First Amended Petition in state court on July 28, 2019, and were required to have

2

Case 4:19-cv-00686-RK   Document 14   Filed 10/15/19   Page 2 of 7

filed their Notice of Removal by August 27, 2019. Yet, as is clear from the filing date on the First Amended Petition [ECF No. 1-2 at pp. 87-154], which is indicated by the blue date-stamp on the right-hand margin of each page, the First Amended Petition was not filed and served until July 30, 2019. Thus, Defendants' Notice of Removal [ECF No. 1], filed on August 29, 2019 was timely.

Plaintiff also appears to argue that defense counsel somehow acted improperly by accepting service of the First Amended Petition on behalf of Defendant Fiserv. First and foremost, it is unclear why Plaintiff makes this argument and what relevance, if any, it has to his request that this Court remand this action. There was nothing improper in Fiserv accepting service. As is clear from the state court record in this case (*see, e.g.,* [ECF No. 1-2 at pp. 42-49]), Defense counsel had agreed to accept service of the initial Petition on behalf of all Defendants, and new Defendant Fiserv was just engaging in professional courtesy and accepting service in the same manner as previously agreed by the remaining Defendants.

### III. The One-Year Rule is Not an Absolute Bar to Removal as Plaintiff Suggests.

Plaintiff's primary legal argument appears to be that Defendants failed to remove this case within one year of the filing of the initial Petition, thus making removal improper pursuant to 28 U.S.C. § 1446(c)(1). Yet, Plaintiff's contention ignores multiple salient facts, which were fully briefed in Defendants' Notice of Removal [ECF No. 1]. Indeed, the cases relied upon by Plaintiff in his Motion appear to be merely doctrinal, setting forth the "general" rule without addressing any of the specific exceptions raised by Defendants in their Notice of Removal.

#### a. Plaintiff's Motion Ignores the Applicability of the Revival Doctrine.

Plaintiff completely ignores the "revival doctrine" addressed by Defendants. As explained by Defendants in their Notice of Removal, the revival doctrine is a judicially created doctrine, which "'provides that a lapsed right to remove an initially removable case within thirty days is

3

Case 4:19-cv-00686-RK   Document 14   Filed 10/15/19   Page 3 of 7

restored when the amended complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.'" *RJO Invs., Inc. v. Crown Fin., LLC*, No. 5: 18-CV-05015-TLB, 2018 U.S. Dist. LEXIS 76114, at *7 (W.D. Ark. May 2, 2018) (quoting *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). *See, also, RLR Invs., LLC v. City of Pleasant Valley*, No. 4:18-CV-01003-DGK, 2019 U.S. Dist. LEXIS 57634 (W.D. Mo. April 3, 2019).

The revival doctrine clearly applies here because the character of this action was fundamentally altered by the First Amended Petition. *See MG Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 746 (W.D.N.Y. 2012) (recognizing that "[a]n amendment to a pleading that merely changes a date or the spelling of a party's name, for example, would clearly not revive the defendant's right to remove, *while an amendment that radically and thoroughly transforms the entire factual and legal basis for the action would*.") (emphasis added). Defendants provided a detailed analysis of this issue in their Notice of Removal [ECF No. 1 at pp. 13-15], and Plaintiff did not even address it in his Motion to Remand.

Additionally, Plaintiff ignores the bad-faith exception in both the revival doctrine and 28 U.S.C. § 1446(c)(1). Here, Plaintiff engaged in extensive delay tactics in a clear effort to thwart Defendants' ability to remove this case to federal court. Again, as explained in Defendants' Notice of Removal, there were numerous court orders in the state court action referencing Plaintiff's delay in moving this case forward and filing his First Amended Petition. Had Plaintiff actually complied with these Orders, the First Amended Petition should have been filed long before the expiration of the one-year deadline relied upon by Plaintiff.

By way of example, on February 25, 2019, the state court judge first granted Plaintiff 15 days to file a First Amended Petition making the First Amended Petition due on March 12, 2019. [ECF No. 1-2 at p. 80]. Although Plaintiff failed to comply with this prior order, on April 22,

4

2019, the state court judge gave Plaintiff 10 more days to file a First Amended Petition making the First Amended Petition due on May 2, 2019. [ECF No. 1-2 at p. 83]. Again, Plaintiff ignored this Order. Next, on June 28, 2019, the state court judge set forth the above-referenced history of Plaintiff's delay and gave Plaintiff 30 more days to file a First Amended Petition or risk dismissal. [ECF No. 1-2. P. 86]. Finally, 32 days later, on July 30, 2019, Plaintiff filed his First Amended Petition.

These delay tactics alone justify the extension of the one-year rule that is clearly permitted by both the revival doctrine discussed above and the bad-faith exception contained within 28 U.S.C. § 1446(c)(1).

### b. **Plaintiff's Motion Ignores the Commencement Date of the Action as to Defendant Fiserv.**

Additionally, because Defendant Fiserv was not added as a party to this action until July 30, 2019, the notice of removal was clearly filed within one year of the *commencement of the action* as to Defendant Fiserv and was compliant with the one-year rule stated in 28 U.S.C. § 1446(c)(1). Plaintiff's Motion does not provide any case law which addresses applicability of the one-year rule when Plaintiff chooses to bring a new party to the table late in the litigation.

Indeed, this is why the change in citizenship for Defendant Palumbo becomes relevant and supports removal if the Court rejects Defendants' arguments regarding fraudulent joinder and fraudulent misjoinder. Again, as explained in Defendants' Notice of Removal, Defendant Palumbo moved to Illinois in May 2019, and Plaintiff did not file his First Amended Petition adding Defendant Fiserv until July 30, 2019. Thus, at the time Defendant Fiserv was brought into this action by Plaintiff, there was complete diversity among the parties. Contrary to Plaintiff's assertion that Defendants somehow moved Palumbo to create diversity, it was Plaintiff who created diversity by choosing to bring in a new Defendant and substantially alter the scope of the

5

state court action **after** Palumbo had already moved to Illinois. Plaintiff's chosen course of action created diversity – not Defendants.

At least with respect to Defendant Fiserv and, in reality, with respect to all Defendants, Plaintiff commenced a new cause of action and re-started the removal clock. "[A] federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court." *Winkels v. George A. Hormel & Co.,* 874 F.2d 567, 570 (8th Cir. 1989). Under Missouri Supreme Court Rule 53.01, "[a] civil action is commenced by filing a petition with the court." However, when an amended petition adds a new party to the case, the Supreme Court of Missouri has held that "commencement" of the action as between the plaintiff and the new defendant occurs at the time of the amendment. *Byrnes v. Scaggs,* 247 S.W.2d 826, 830 (Mo. 1952) ("It is the general rule, where defendants are brought into an action for the first time upon the filing of an amended or supplemental pleading, that the filing of the amended pleading constitutes the commencement of the action in so far as the new defendant is concerned . . . ."); *Mackey v. Smith,* 438 S.W.3d 465, 472 (Mo. App. 2014) ("'commencement' of an action as to a particular party occurs when that party is first added to the lawsuit").

Accordingly, the Court should treat the date that the First Amended Petition was filed as the *commencement of a new action* between Plaintiff and Defendant Fiserv, permitting removal as to the action and all defendants within 30 days of the filing of the First Amended Petition.

## CONCLUSION

Defendants respectfully request that Plaintiff's Motion to Remand be denied.

DATED: October 15, 2019                    Respectfully submitted,

                                           JACKSON LEWIS P.C.

                                           */s/ Kyle B. Russell*
                                           Kyle B. Russell, MO Bar #52660
                                           7101 College Blvd, Suite 1200
                                           Overland Park, KS 66210
                                           Telephone: (913) 981-1018
                                           Facsimile: (913) 981-1019
                                           *Kyle.Russell@jacksonlewis.com*

                                           Jenna R. Rassif (*admitted pro hac vice*)
                                           Neil D. Kodsi (*admitted pro hac vice*)
                                           Two South Biscayne Blvd, Suite 3500
                                           Miami, FL 33131
                                           Telephone: (305) 577-7600
                                           Facsimile: (305) 373-4466
                                           *Jenna.Rassif@jacksonlewis.com*
                                           *Neil.Kodsi@jacksonlewis.com*

                                           **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On this 15th day of October 2019, I certify that a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to the following counsel of record:

Mark D. Wasserstrom, MO #23620
6624 Tracy Avenue
Kansas City, MO 64131
*wass1@sbcglobal.net*

**ATTORNEY FOR PLAINTIFF**

                                           */s/ Kyle B. Russell*
                                           **ATTORNEY FOR DEFENDANTS**