IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| MIKE DAVIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:19-cv-686 |
| v. | ) | |
| | ) | |
| RENNY PALUMBO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS SUGGESTIONS REGARDING MOTION TO REMAND**

Plaintiff Mike Davis, by and through his attorney, files his Suggestions Replying to Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand:

## INTRODUCTION

Defendants' Suggestions ignore Eighth Circuit law that complete diversity must exist both at the time (1) an action is filed in state court as well as (2) the action is removed to Federal court.

1

Chavez-Lavagnino v. Motivation Education Training, Inc., 714 F3d 1055 (8th Cir. 2013). Defendants have admitted in their pleadings that Defendant Palumbo was a resident of the State of Missouri at the time this action was filed in Missouri state court.

Defendants try to avoid the test of diversity by claiming that the joinder of Defendant Palumbo was procedural fraud. The rules for joinder of parties under Missouri law is set forth in Rule 52 of the Missouri Rules of Civil Procedure. Rule 52.05 permits joinder of claims arising out of the same transactions, occurences, or series of occurences or any common questions of law or fact. All circumstances out of which the injuries complained of arose may be considered. The claims for damages for disgorgement of profits, violation of the service letter statute of Missouri, the violation of Kansas business practices law, and all claims against the corporate defendants arose out of the work relationship that Plaintiff had in selling credit card services. The claim against

2

Case 4:19-cv-00686-RK   Document 16   Filed 10/24/19   Page 2 of 7

Defendant Palumbo also arose out of that work relationship and out of Defendant Palumbo's position as a supervisor of Plaintiff's work. In explaining the motivation and negative spirit of intent of all defendants as well as going over various elements of damages in Plaintiff's various claims, there are common facts. Therefore, the joinder of Defendant Palumbo in the action is proper under Missouri law.

### 1. Complete diversity is lacking.

At the time of filing complete diversity was lacking in this action because Defendant Renny Palumbo was a resident of the State of Missouri.

Defendants admit in Paragraph 23 of their Defendants' Notice of Removal that "[T]he sole individual Defendant, Renny Palumbo, was a citizen of Missouri at the time the Initial Petition was filed in the State Court Action . . . ." Document No. 1.

Defendants attached Exhibit 4, the Declaration of Renny

Palumbo, to their Notice of Removal. As part of his sworn statement, Defendant Renny Palumbo stated in Paragraph 2 of his Declaration: "When this action was originally filed in State Court in Jackson County, Missouri, I resided in Kansas City, Missouri."

The test of diversity in the Eighth Circuit looks at the time of the filing of the initial petition in state court as well as at the time of removal. Diversity is required to exist at both points in time. Chavez-Lavagnino v. Motivation Educational Training, Inc., 714 F3d 1055 (8th Cir. 2013).

**2. Plaintiff properly joined Defendant Renny Palumbo in the initial state court action herein.**

Rule 52.05 of the Missouri Rules of Civil Procedure provides in pertinent part:

> "All persons may be joined in one action as defendants if there is asserted against them jointly or severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurences, or series of transactions or occurences and if any question of law or fact common to all of them will arise in the

4

action."

There are many aspects by which the claims against corporate defendants and the individual defendant are intertwined. Plaintiff Mike Davis was a salesman at various times for CardConnect, LLC. CardConnect, LLC went through a couple of buy outs involving the other corporate defendants. Defendant Renny Palumbo as a supervisor with a corporate defendant became acquainted with and dealt with plaintiff Mike Davis. All claims are related to the business. All damages in all of the counts involve aspects of the sales and profits from the business.

As one example of the common issues between claims against corporate defendants and the individual defendant, Plaintiff has claimed a violation of the Missouri service letter statute. He does not believe that he was given a truthful explanation for his termination. This has damaged his reputation and interfered with ability to earn a living as a salesman. This is in

common with the problems of the manager Defendant Renny Palumbo saying he stole and by implication was not an honorable person who observed good business practices.

The motivation and intent of the all defendants are key issues in these claims.  Explaining the pattern of conduct of the corporate defendants and explaining the harsh character assassination by the individual defendant both involve showing a jury the plan of taking the benefits of Plaintiff's work while depriving Plaintiff of Payment and of the opportunity to work otherwise.

## **CONCLUSION**

This case does not meet the requirements for diversity.  Plaintiff respectfully requests this case be remanded to State court.

Respectfully submitted,

/s/ Mark D. Wasserstrom

_____

6

Mark D. Wasserstrom
MO Bar #23620
6624 Tracy Avenue
Kansas City, MO  64131
TEL:	(816) 523-4243
E-mail:	wass1@sbcglobal.net

ATTORNEY FOR PLAINTIFF

## **CERTICATE OF SERVICE**

On this 24th day of October, 2019, I certify that a true and correct copy of the foregoing was electronically filed via the Courts' CV/ECF electronic filing system, which will send a notice of electronic filing to the follwoing counsel of record:

Kyle B. Russell
KyleRussell@jacksonlewis.com

Jenna R. Rassif
JennaRassif@jacksonlewis.com

Neil D. Kodsi
NeilKodsi@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

/s/Mark D. Wasserstrom
**ATTORNEY FOR PLAINTIFF**

7

Case 4:19-cv-00686-RK   Document 16   Filed 10/24/19   Page 7 of 7