# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MIKE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-00686-CV-RK |
| RENNY PALUMBO, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 12.) The motion is now fully briefed. (Doc. 12, 12-1, 14, 16.) After careful consideration, the motion is **GRANTED** and the case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

## Background

As way of procedural background, this case was originally filed in state court on May 10, 2018. (Doc. 1-2.) In that complaint, Plaintiff alleged claims against four defendants (First Data Corporation; CardConnect, Corporation; CardConnect, L.L.C.; and Renny Palumbo) for equitable disgorgement, defamation, violations of the Missouri Service Letter Statute, violations of the Kansas Statutory Employee Protection Act, violations of Missouri's Statutory Action for underpayment of wages, and a claim pursuant to Mo. Rev. Stat. § 290.110. (*Id.*) Defendant Renny Palumbo ("Palumbo") is one of the original named defendants. (*Id.*) At the time the original complaint was filed, both Plaintiff and Palumbo were citizens of Missouri. In May 2019, Palumbo moved to Illinois. (Doc. 1.) Plaintiff then filed an amended Complaint on July 30, 2019. (*Id.*) The amended Complaint added an additional party, FISERV, Inc. ("FISERV"), and four additional counts. (*Id.*) Defendant FISERV was added as a defendant because they acquired an original defendant, First Data Corporation ("First Data"). (*Id.*; Doc. 12.) Three of the additional counts were added by way of uncoupling the individual statutory provisions of the Kansas Statutory Protection Act. (*Id.*) The amended complaint only added one new claim, a claim for the tort of outrage, which consisted of a single paragraph. Defendants then removed the action to this Court on August 29, 2019, on the basis of diversity. (Doc. 1.)

**Legal Standard**

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). Jurisdiction is determined based "upon the state of things at the time the action [is] brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). Even if all parties are diverse, the "forum defendant rule" provides that the action cannot be removed to federal court if any of the properly joined and served defendants are citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005). In the Eighth Circuit, violation of the forum defendant rule is a jurisdictional defect and cannot be waived. *Id.* Therefore, if the forum defendant rule is violated, the court must remand the case to the state court from which is was removed. 28 U.S.C. § 1447(c).

However, a case cannot be removed to federal court based on diversity of citizenship "more than one year after commencement of the action." 28 U.S.C. § 1446(b). *See Lindsay v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (the "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity"); *Jackson v. C.R. Bard, Inc.*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017) (the rationale behind the one-year limitation is that a suit filed in state court should remain in state court if the case has been using state resources for over a year).

A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

**Discussion**

This case was removed to this Court based on 28 U.S.C. §§ 1332(a) and 1441. For removal to be proper under § 1332(a), two requirements must be satisfied: the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. Here, the parties do not contest the amount in controversy exceeds $75,000. The question the Court must then determine is whether

2

complete diversity of citizenship exists. As mentioned above, citizenship of the parties is determined at the time of filing. *Grupo Dataflux*, 541 U.S. at 570-71. At the time the initial complaint was filed, both Plaintiff and Palumbo were citizens of Missouri. Therefore, federal jurisdiction is lacking because diversity of citizenship is destroyed and the forum defendant rule is violated. Federal jurisdiction is also lacking because the one-year rule has been violated as the case was originally filed in 2018 and was not remanded until October 2019. (*See* Doc. 1.) Defendants make four arguments as to why the Court should disregard the citizenship of Palumbo at the time the original complaint was filed, and find federal jurisdiction proper. Defendants argue Palumbo was fraudulently misjoined, fraudulently joined, the revival doctrine supports removal, and Palumbo's citizenship should be determined at the time of the First Amended Complaint. (*Id.*) The arguments are without merit and the Court will address each in turn.

**I.     Palumbo was not Misjoined or Fraudulently Misjoined**

Fraudulent misjoinder applies "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting Ronald A. Parsons, *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rev. 52, 57 (2008)). The fraudulent misjoinder rule is an exception to the complete diversity rule that has been accepted by some courts. *Id.* The Eleventh Circuit has warned in their articulation of this doctrine that mere misjoinder is not fraudulent misjoinder. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). "In *Prempro* the Eighth Circuit neither 'adopt[ed] [n]or reject[ed] the fraudulent misjoinder doctrine.'" *Graham v. Mentor World Wide LLC*, No. 4:19-CV-01637, 2019 WL 3253185, at *4 (E.D. Mo. July 19, 2019) (citing *Lafoy v. Volkswagen Group of America, Inc.*, 2016 WL 2733161 at *3 (E.D. Mo. May. 11, 2016)). Rather, the Eighth Circuit, looking at Rule 20, found the claims of unrelated plaintiffs were "'not so egregious as to constitute fraudulent misjoinder' and was 'likely to contain common questions of law and fact.'" *Id.* (citing *Lafoy,* 2016 WL 2733161 at *3 (E.D. Mo. May. 11, 2016)); *Prempro,* 591, F.3d at 622-23.

Rule 20 addresses the permissive joinder of defendants. Joinder under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Fed. R. Civ. P. 20(a). The Eight Circuit has stated "that the transaction/occurrence

3

requirement prescribed by Rule 20(a) is not a rigid test and is meant to be 'read as broadly as possible whenever doing so is likely to promote judicial economy.'" *Prempro*, 591 F.3d at 622 (8th Cir. 2010) (citations omitted). This prescribed flexibility does not depend "so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 622. Further, "the majority of courts demand more than simply the presence of nondiverse, misjoined parties, but rather a showing that the misjoinder reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." *Prempro*, 591 F.3d at 623.

Defendant relies upon the doctrine of fraudulent misjoinder to oppose remand, asserting that Plaintiff's joinder of his claims against Palumbo, along with his claims against the other Defendants, is intended only to defeat diversity because the claims do not "arise out of the same transaction, occurrence, or series of transactions or occurrences." (Doc. 1, p. 7). However, Defendant has failed to establish a factual basis that Plaintiff's claims were grossly and egregiously misjoined intending to avoid diversity jurisdiction, reaching beyond mere misjoinder to the level of fraudulent misjoinder. Here, Plaintiff's claims all arise out of a series of interactions among employees within a shared workplace and are logically related to one another due to the alleged factual circumstances under which they arose. *See Horne v. Tex. DOT*, No. 4:19-CV-405-KPJ, 2019 U.S. Dist. LEXIS 185979, at *11 (E.D. Tex. Oct. 28, 2019) (finding that in an employment context, a series of transactions or occurrences is logically connected when the transactions or occurrences take place in the same workplace location, during the same timeframe, under the same supervisory regime). Further, Plaintiff alleges the slanderous comments made by Palumbo were pretext for actions allegedly taken by Defendants, which give rise to other counts of Plaintiff's complaint. (Doc. 1-2, ¶¶ 218, 282; Doc. 12, p. 2-4). This suggests these claims involve common questions of law and fact. Therefore, Defendant Palumbo was not fraudulently misjoined.

## II. Palumbo was not Fraudulently Joined

A defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *Id.* When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). If "there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident

defendant under the facts alleged – then there is no fraudulent joinder." *Filla*, 336 F.3d at 810 (emphasis in original). "By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011). That is because the reasonable basis standard articulated in *Filla* is distinct from, and less demanding than, the Rule 12(b)(6) plausibility standard. *Id.*; *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

Here, Defendant asserts that Plaintiff has fraudulently joined Palumbo to defeat diversity on two grounds: (1) because he fails to allege the defamatory language used by Palumbo with necessary specificity and (2) any defamatory statements made are protected under the intra-corporate immunity rule. (Doc. 1, p.p. 9-11.) In Missouri, an "allegation that tends to harm a person in his or her business, trade, profession, or office is one of the traditional categories of slander per se." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 311 (Mo. 1993). To be actionable, "the allegation must strike at the person's professional competence." *Id*. Plaintiff's defamation claim against Palumbo centers around allegations that Palumbo made false and defamatory statements accusing him of theft and misappropriation. (Doc. 1-2, p. 46-49, 63). As part of his defamation claim, Plaintiff alleges Palumbo contacted a competitor, Basys, with said accusations, and that such communications have harmed his reputation and standing within the business community. (*See Id.*, ¶¶ 106, 216, 220, 282.)

First, Defendant asserts the alleged defamatory language lacked sufficient specificity to state a valid claim of defamation. (Doc. 1, pp. 11-12). However, the requirement to reproduce the exact language "is strictly applicable only to libel and not to slander." *Nazeri*, 860 S.W.2d at 313 (citing *Lorenz v. Towntalk Publishing Co.,* 261 S.W.2d 952, 953 (Mo. 1953)). "All that is required is that there 'be certainty as to what is charged' as the slander." *Id.* Here, Plaintiff alleges that Palumbo made statements to the effect that Plaintiff was stealing accounts and was disloyal. (Doc. 1-2, p. 46-48.) These allegations are sufficiently specific.

Second, Defendants claim Palumbo's alleged defamatory statements were not published because they fall under the intra-corporate immunity rule. Under Missouri law, a person publishes a defamatory statement by communicating the defamatory matter to a third person. *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 313 (Mo. 1993). However, pursuant to the intra-corporate immunity rule, a communication made between different officers or offices of the same

corporation in the due and regular course of the corporate business is deemed a communication by the corporation to the corporation itself, and not to a third person. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 685 (Mo. App. 1992). Plaintiff has alleged Palumbo made defamatory statements outside of the corporation, to its competitor Basys. Thus, the intra-corporate immunity rule is inapplicable because the communication has ventured beyond the protective threshold of the corporation. Defendants have failed to satisfy their burden of proving Plaintiff's claim lacks any reasonable basis in law or fact. Therefore, Palumbo was not fraudulently joined. *Filla*, 336 F.3d at 809.

### III. The Revival Doctrine is Inapplicable

Because the case was originally filed in 2018, and removed based on diversity, the one-year rule has also been violated. 28 U.S.C. § 1446(b); *See Lindsay*, 306 F.3d at 600. Defendants claim they have a renewed right to remove based on the revival doctrine. "Only the Fifth and Seventh Circuits have explicitly adopted the revival [doctrine], which provides that a lapsed right to remove is restored when the [complaint] is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *RLR Investments, LLC v. City of Pleasant Valley, Missouri*, No. 4:18-CV-01003-DGK, 2019 WL 1472109, at *3 (W.D. Mo. Apr. 3, 2019) (citations omitted). "Assuming the Eighth Circuit would recognize this exception, it applies when: (1) the case was initially removable and (2) the character of the action is fundamentally altered by an amended [complaint] as to essentially create a new lawsuit." *Id.* Defendants' arguments in support of applying the revival doctrine fails in both aspects. The case was not initially removable and even if the case was initially removable, Plaintiff's Amended Complaint did not so fundamentally alter the character of the action as to essentially create a new lawsuit. The requirements of the revival doctrine are not satisfied, and thus the one-year rule has been violated.

## IV. Palumbo's Citizenship is not Determined at the Time the First Amended Complaint was Filed

Finally, Defendants argue that Palumbo's citizenship should be determined as of the date of the First Amended Complaint. Defendants' argument is without merit. Federal courts must honor state court rules governing the commencement of actions when an action has been removed to federal court from state court. *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989.) Under Missouri law,

> "where defendants are brought into an action for the first time upon the filing of an amended or supplemental pleading, [the] filing of the amended pleading constitutes the commencement of the action in so far as the new defendant is concerned[.]"

*Mackey v. Smith*, 438 S.W.3d 465, 472 (Mo. App. 2014) (citing *Byrnes v. Scaggs*, 247 S.W.2d 826, 830 (Mo. 1952)). Palumbo was a defendant in the original complaint. (Doc. 1-2.) Palumbo's citizenship is thus determined at the time the original complaint was filed. *Grupo Dataflux*, 541 U.S. at 570-71; *Chavez-Lavagnino v. Motivation educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) ("A jurisdictional defect at the time of commencement . . . cannot be remedied by a 'change in the citizenship of a continuing party'") (citation omitted). Even though Palumbo moved to Illinois in May 2019, he was a citizen of Missouri in 2018, when Plaintiff filed his complaint. As such, diversity of citizenship does not exist, and the forum defendant rule is violated. Therefore, the case must be remanded.

### Conclusion

Accordingly, and after careful consideration, the Court finds Palumbo was a citizen of Missouri when the action was commenced, Palumbo was not misjoined, fraudulently misjoined, or fraudulently joined. Additionally, the Court finds the revival doctrine is inapplicable. Diversity of citizenship does not exist. Therefore, the Court lacks subject matter jurisdiction and Plaintiff's motion to remand (Doc. 12) is **GRANTED**. The case is **REMANDED** back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 19, 2019